which was executed in June 1912, before the passage of the act of the 33d Legislature (chapter 32) amending said article. Wallace v. Finberg, 46 Tex. 35; Stroter v. Brackenridge, 51 Tex. Civ. App. 170, 118 S. W. 632.

The evidence sustains the finding, if it does not conclusively show, that the ground upon which the attachment was sued out—viz., "that defendants were about to dispose of their property with intent to defraud their creditors"—was not true. Under the attachment goods of the defendant W. H. Fisher, valued by the officer who levied the writ at $320.42, were taken from the possession of said defendant.

[2] Upon the issue of defendants' right to recover damages for the wrongful suing out of the attachment the court gave the jury the following charge:

"Now, if you believe from the preponderance of the evidence that the attachment herein issued was wrongfully caused to be issued, and if you believe that the defendant W. H. Fisher was not about to dispose of his property as alleged by plaintiff, and that plaintiff had no probable cause for such belief, and by reason of the wrongful issuance and levy of said attachment the defendant W. H. Fisher has suffered any injury as alleged by him, then you will find for the defendant W. H. Fisher; but, if you believe from the evidence that at the time of making said affidavit for attachment the defendant W. H. Fisher was about to dispose of his property for the purpose of defrauding his creditors, or if you believe that said plaintiff had a probable cause for having said attachment issued, or if you believe that the defendant W. H. Fisher has suffered no damage as alleged by him then you will find for the plaintiff on this issue."

It is no defense to a claim for actual damages caused by the wrongful suing out of an attachment that the plaintiff in attachment had probable cause for the belief that ground for the attachment existed. If the alleged ground for attachment is not true, the attachment is wrongfully sued out, and plaintiff is liable for the actual damages caused thereby. As said by Judge Stayton in the case of Bear Bros. v. Marx & Kempner, 63 Tex. 303:

"It was the legal rights of appellants to continue in the peaceable possession and enjoyment of their property, and, unless facts existed which authorized their property to be taken from their possession for the security of creditors, the taking was a legal wrong which good intentions and pure motives could not make legally right."

The question of probable cause is pertinent only to the claim for exemplary damages, and cannot affect the claim for the actual damages caused by the wrongful use of the harsh remedy of attachment. Walcott v. Hendrick, 6 Tex. 406; Culbertson v. Cabeen, 29 Tex. 247; Kaufman v. Armstrong, 74 Tex. 65, 11 S. W. 1048; Woods v. Huffman, 64 Tex. 98.

The charge above quoted contained an affirmative misstatement of the law, and was reasonably calculated to cause, and probably did cause, the rendition of an improper verdict and judgment.

[3] The general rule for the measure of damages for the wrongful seizure of goods under a writ of attachment is the value of the goods with interest from the date of the seizure. Gilmour v. Heinze, 85 Tex. 76, 19 S. W. 1075. Of course, if the defendant should recover this value, the proceeds of the goods when sold would belong to the plaintiff.

[4] The defendant W. H. Fisher having filed an admission of plaintiff's right to recover against him the amount due upon the note, he had the right to open and conclude the argument before the jury, and the trial court erred in not granting him such privilege. District Court Rule 31, 94 Tex. 673; Ney v. Rothe, 61 Tex. 376.

What has been said disposes of the material questions presented by the appeal and sufficiently indicates the rules of law which should govern upon another trial.

For the reasons above stated, the judgment of the court below is reversed, and the cause remanded.

Reversed and remanded.

---

INGRAHAM v. CITY OF NACOGDOCHES.
(No. 6678.)

(Court of Civil Appeals of Texas. Galveston. June 29, 1914. Rehearing Denied Oct. 8, 1914.)

COURTS (§ 155*)—TEXAS—DISTRICT COURTS—JURISDICTION.

Under Const. art. 5, § 8, giving the district court jurisdiction of suits for the trial of title to land and for the enforcement of liens thereon, the district court has jurisdiction of a suit to set aside a void assessment upon land, claimed to be a cloud on plaintiff's title, even though the amount of the assessment was not sufficient in itself to give the district court jurisdiction.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 378, 402½; Dec. Dig. § 155.*]

Appeal from District Court, Nacogdoches County; L. D. Guinn, Judge.

Action by George F. Ingraham against the City of Nacogdoches. From a judgment dismissing the petition, plaintiff appeals. Reversed and remanded.

June C. Harris and Geo. F. Ingraham, both of Nacogdoches, for appellant. C. A. Hodges, of Nacogdoches, for appellee.

PLEASANTS, C. J. This suit was brought by appellant against the appellee to set aside an assessment upon real estate owned by appellant in the city of Nacogdoches for street improvements under the provisions of chapter 11, tit. 22, of the Revised Statutes (1911). The petition alleges, in substance, that the assessment was unauthorized and illegal because the city of Nacogdoches had never adopted the provisions of chapter 11, tit. 22, of the Revised Statutes, and therefore the city council of said city had no power or authority to make said assessment. The peti-