## WITTE v. BAUDERER.    (No. 7083.)

(Court of Civil Appeals of Texas.    San Antonio.
Nov. 7, 1923.    Rehearing Denied
Dec. 5, 1923.)

Injunction ⬳94—Order restraining defendant from consorting with plaintiff's wife deprived defendant of no rights.

Where plaintiff's physical condition was critical, and he was of a highly nervous and excitable nature, and for a long time objected to his wife keeping company with defendant, her employer, an order restraining defendant from associating with, calling on, or having anything whatever to do with the wife except as related to her duties as employee of defendant, deprived defendant of no right to which he was entitled.

Appeal from District Court, Bexar County; S. G. Tayloe, Judge.

Suit by Henry Bauderer against Otto Witte. From an order overruling motion to dissolve temporary injunction, defendant appeals. Affirmed.

Sehorn & Sehorn, of San Antonio, for appellant.

H. G. Williams, of San Antonio, for appellee.

SMITH, J. This appeal is from an order overruling a motion to dissolve a temporary injunction restraining appellant, Otto Witte, from associating with appellee's wife, except in a business way as employer and employee.

The facts are sufficiently shown in the findings of fact of the court below:

"I find: That the plaintiff was married to Caroline Roby Bauderer on or about the 15th day of February, A. D. 1916, and that they continued to live together as husband and wife for several years, and lived under the same roof until about 14 months ago, and that since that time Caroline Roby Bauderer has filed a suit for divorce which is now pending, but which is being resisted by the plaintiff herein. That the defendant, Otto Witte, became acquainted with the plaintiff and his wife about 3 years ago, and since that time that the defendant has made frequent visits to the house of plaintiff and his wife up to the time of their separation, and since said time the defendant has to a great extent been keeping company and going with the plaintiff's wife. That the plaintiff contracted tuberculosis about the 15th day of February, 1922, since which time he has been generally in a helpless physical condition, and, for a portion of the time became a patient at a sanitarium for the treatment of said disease. That the plaintiff's physical condition for months has been: Critically ill, and, of a highly nervous and excitable nature; and that for a long time past he has objected to his wife keeping company with defendant, and has so notified the defendant; but that, over the plaintiff's objections and protest the defendant has continued to keep company with plaintiff's wife, and that the defendant has been frequently riding by the house of plaintiff's mother where plaintiff is now living, and in company with the wife of plaintiff; and, the evidence of plaintiff tends to show that on such occasions the defendant would attract the plaintiff's attention to their being together, in a taunting manner, and that, following such incidents, plaintiff's condition of health would become worse, and plaintiff would be thrown into a high state of nervousness as a result thereof.

"The evidence shows that plaintiff's wife has been spending a portion of her time keeping books for the defendant and is now performing such services, and is receiving a compensation of $15 per week for the same; and that the conduct of the defendant in all such particulars as hereinabove mentioned is reasonably calculated to and has tended to alienate the affections of the plaintiff's wife from plaintiff, and that said conduct in like manner is reasonably calculated to and does further impair the plaintiff's health. I further find that the evi-

dence does not show any adulterous relations to exist between plaintiff's wife and the defendant."

In the original order appellant was restrained from "associating with, calling on, or having anything whatever to do with the plaintiff's wife, as long as she is the lawful and legal wife of the plaintiff, Henry Bauderer." Upon the hearing of the motion to dissolve, this order was modified "so as to permit defendant, Otto Witte, to associate and consult with Caroline Roby Bauderer in such manner that she can discharge her duties as bookkeeper for the defendant, Otto Witte, but otherwise said injunction shall remain in full force and effect." Of this order, so modified, Witte complains in this appeal.

We know of no law of God or man under which appellant may claim the right to thus intimately consort, day and night, with appellee's wife, in open and boasting defiance of the expressed wish and command of appellee, nor does the restraining order deprive appellant of a single right to which he is entitled under any law. The contention that appellant has the right to continue these objectionable relations with appellee's wife, and to flaunt those relations in the face of appellee and the latter's family and friends, and the public, is an affront to decency and propriety, and can get no approval in this court.

The judgment is affirmed.