## CONTINENTAL OIL CO. v. CITY OF GROESBECK.

No. 1904.

Court of Civil Appeals of Texas. Waco.

June 18, 1936.

Rehearing Denied July 2, 1936.

Burney Braly, John A. Braly, and G. R. Pate, all of Fort Worth, for appellant.

L. L. Geren and L. W. Shepperd, both of Groesbeck, for appellee.

ALEXANDER, Justice.

The trial court, upon the petition of the city of Groesbeck, issued a temporary writ of injunction restraining the Continental Oil Company from polluting the city's water supply by the discharging of salt water and other obnoxious matters into Navasota river and its tributaries. The defendant appealed.

Appellant contends that the court erred in granting the temporary injunction because there was no evidence that it had ever knowingly or negligently polluted the city's water supply. There was evidence that for several weeks prior to the filing of the suit the water in Navasota river, the source of the city's water supply, had been badly polluted with salt water. A few days prior to the filing of this suit the city's employees discovered a leak in appellant's salt water line from which a stream of salt water two inches in diameter flowed into Jack creek, a tributary of Navasota river. There was no evidence that appellant knew of said leak nor that it had allowed salt water to escape from its lines on any other occasion.

The above evidence, we think, was sufficient to authorize the trial court, in the exercise of its discretion, to grant the injunction. But if we are mistaken in this respect, the appeal is without merit because the writ does not enjoin the appellant from doing anything that it has a lawful right to do. It is unlawful in this state for any one to pollute any water course or public body of water by the discharge of salt water therein where the water therefrom is used for domestic purposes. Revised Statutes, art. 4444; Vernon's Ann. P.C. art. 698a. Since the appellant has no right to pollute the waters of Navasota river and its tributaries, the writ granted in this case in nowise interferes with appellant's lawful rights, and the appeal from the granting of the writ presents no merit. Witte v. Bauderer (Tex.Civ.App.) 255 S. W. 1016; Pearce v. Atlantic Life Ins. Co. (Tex.Civ.App.) 36 S.W.(2d) 553, par. 6; First Trust Joint Stock Land Bank v. Hayes (Tex.Civ.App.) 90 S.W.(2d) 331, par. 7.

The judgment of the trial court is affirmed.