## SHEPPARD v. ZAPP et al.

### No. 2120.

Court of Civil Appeals of Texas. Waco.

Oct. 20, 1938.

Wm. McCraw, Atty. Gen., and Pat M. Neff, Jr., Asst. Atty. Gen., for appellant.

E. R. Simmons and W. V. Geppert, both of Teague, for appellees.

GEORGE, Justice.

Alfred Zapp and Weldon Keyes, residents of Dallas county, appellees, instituted this suit against Geo. H. Sheppard, resident of Travis county, appellant, in his official capacity as State Comptroller of Public Accounts, in the 77th District Court of Freestone county on April 4, 1938, alleging, in substance, that appellees are the owners of various and sundry "coin-operated machines;" that appellees by virtue of said ownership have property rights in said machines and are entitled to exhibit and display them within the State of Texas at whatever places they may desire in order that the general public may, at their pleasure, operate said machines; that unless appellees are permitted to exhibit and display said machines without molestation by the appellant, his agents, servants and employees, they will suffer irreparable loss and injury; that the appellant, his agents, servants and employees have forbidden appellees from exhibiting and displaying their said machines until and unless the annual occupation tax provided for in article 7047a-1, § 3, R.C.S., has been paid upon each and every machine; that said appellant, his agents, servants and employees have seized and taken possession of several of said machines and sealed same in such a manner that they cannot be operated by the general public, and have threatened and will, unless restrained by said Honorable Court, seize and confiscate each and all of appellees' said machines that are and will be placed for operation; that appellees have no adequate remedy at law to protect themselves against such threatened acts of appellant, his servants, agents and employees, and that unless the Honorable Court issue an injunction and/or restraining order restraining such threatened acts, appellees will suffer irreparable loss and injury, and concluding with a prayer (1) for the issuance of a temporary injunction and/or restraining order restraining the appellant, his agents, servants and employees and tax supervisors from (a) in any manner interfering with the operation of appellees' said machines; (b) from seizing and sealing said machines; (c) from filing criminal charges against appellees or their agents, servants or employees for failure to pay said tax; (2) for the issuance of a mandatory injunction commanding appellant, his agents, servants and employees to forthwith return to appellees all of their coin-operated machines heretofore seized and to unseal all of said machines heretofore sealed, and (3) that upon final hearing said temporary injunction and/or restraining order be made permanent and for costs of suit, and for such other and further relief as they may show themselves justly entitled. A temporary restraining order was granted on the filing of appellees' verified petition.

Appellant answered and filed (1) plea of privilege; (2) plea to the jurisdiction; (3) plea in abatement; and (4) general

demurrer, special exceptions, general denial and special answer.

Appellee Weldon Keyes filed an affidavit controverting the plea of privilege and averring that one of appellees' said machines was sealed on location in Freestone County, Texas, by the appellant, and that said act constituted a trespass committed in said county, and that this suit is based upon such trespass, as well as like trespasses in other counties in Texas and that the court had venue of the suit because it was based upon a trespass committed in Freestone county, Texas.

The cause was tried before the judge without a jury, by consent of the parties, in vacation, and after hearing (1) on the plea of privilege, (2) on the plea to the jurisdiction and the plea in abatement, and then (3) on the merits, judgment was rendered overruling all pleas, demurrers and exceptions and granting injunction as prayed for.

The material testimony offered on the hearing on the plea of privilege is, in substance, as follows: That an agent of the Comptroller's Department, during the summer of 1937, sealed an automatic pay-off marble machine belonging to Thomas and Weldon Keyes on location in the cafe of L. F. Taylor in Teague, and that said machine was unsealed when Taylor paid the 1937 occupation tax provided for in article 7047a-1, § 3.

Appellant says the trial court erred in overruling his plea of privilege because the pleadings and the evidence construed together show that this is a suit purely for injunctive relief, rather than a suit for damages for trespass, with ancillary or incidental injunctive relief, and that venue or jurisdiction of the person of defendant is governed and determined by article 4656, R.C.S. This assignment is sustained. The burden was on appellees to set out specifically in their controverting plea the facts relied on to establish venue in Freestone county, Texas, and to prove same as alleged. Jefferies v. Dunklin, Tex.Sup., 115 S.W.2d 391; Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91; Henderson Grain Co. v. Russ, 122 Tex. 620, 64 S.W.2d 347. This suit cannot properly be regarded as one based upon a trespass committed in Freestone county for the reason no redress is sought for the trespass. The primary and ultimate purpose of the suit as disclosed by the petition, evidence and judgment entered is to obtain an injunction requiring appellant, his agents, servants, employees and tax supervisors to forever desist (1) from in any manner interfering with the operation of appellees' machines; (2) from seizing and sealing such machines, and (3) from filing criminal charges against appellees and/or their agents, servants or employees for failure to pay the occupation tax as provided for in article 7047a-1, § 3. Article 4656, R.C.S.; article 1995, subdivision 30, R.C.S.; 24 Tex.Jur. pp. 161, 162, sec. 118; International & G. N. Ry. Co. v. Anderson County, Tex.Civ.App., 150 S.W. 239; Id., 106 Tex. 60, 156 S.W. 499.

The judgment of the trial court is reversed, and the cause is remanded, with instructions to the trial court to transfer the suit to a court of competent jurisdiction of Travis county, Texas.