**PINKSTON et al. v. FARMERS STATE BANK OF CENTER.**

No. 4301.

Court of Civil Appeals of Texas. Beaumont.
March 18, 1947.

Rehearing Denied April 30, 1947.

Jack Pinkston, of Dallas, and Lipscomb & Lipscomb, of Beaumont, for appellants.

Howard S. Motley, of Center, for appellee.

WALKER, Justice.

This cause is pending on appellants' original motion for rehearing, assigning error to a judgment of this court which affirmed a judgment of the district court of Shelby county. The opinion previously filed is withdrawn and this opinion is substituted.

Farmers State Bank of Center, a banking corporation domiciled in Shelby county, brought this suit in the district court of Shelby county against three defendants (of whom the two first hereinafter named resided in Dallas county) to wit, Jack Pinkston ("D/B/A Transportation Insurance Agency"), W. E. Richburg, a justice of the peace in and for precinct 7, place 1, Dallas county, and Dick Middleton, the sheriff of Shelby county. Plaintiff alleged (directly or by inference) that a judgment for a sum not stated had been rendered against plaintiff in said justice court (by a predecessor in office of defendant Richburg) in favor of defendant Pinkston under a writ of garnishment directed to the plaintiff which was issued out of said court at Pinkston's application, and that the present Justice, Richburg, had issued a writ of execution under this judgment at the instance of Pinkston which had come into the hands of the sheriff and which the sheriff had levied upon "the property and assets" of plaintiff Bank. Plaintiff alleged further that the sheriff was threatening to sell this property, and would do so unless restrained, and as grounds for restraining a sale alleged that the execution was absolutely void because it was made returnable to an unlawful date and that the judgment was also void because rendered by default before plaintiff was required by law to answer. Plaintiff alleged further that the levy of the execution had damaged plaintiff in the sum of $2,500, but this purported cause of action was abandoned on trial. Other matters are referred to in the petition but need not be described. Plaintiff prayed for a temporary injunction restraining any further proceedings under the execution or the justice's judgment, and that the injunction be perpetuated; that the justice's judgment be declared void; that plaintiff recover the damages aforesaid, and that plaintiff have general relief.

Plaintiff filed this suit on December 21, 1944, and on December 29, 1944, after a hearing, of which defendants had notice, the trial court granted plaintiff's prayer for a temporary injunction, restraining further proceedings under the judgment and execution. Defendants did not appear at this hearing, took no appeal, and make no point here respecting this proceeding.

On the same day, to wit, December 29, 1944, defendants Pinkston and Richburg caused to be filed a joint plea of privilege to be sued in the county of their residence, namely Dallas county, and subject to this plea they filed various other pleadings which need not be described because none of them were ever presented to the trial court. The sheriff of Shelby county apparently never filed an answer.

Plaintiff controverted the plea of privilege on December 30, 1944, and the issue made thereby between plaintiff and defendant Pinkston was eventually tried in the district court of Shelby county on March 9, 1945, and by an order of that date that court overruled Pinkston's plea of privilege. It appears from the trial court's findings and conclusions that the plea of privilege of defendant Richburg was also heard and overruled at the same time but

the only order in the transcript which might be regarded as covering defendant Richburg's plea is the final judgment on the merits, and we conclude that none other was entered.

The trial court proceeded to judgment on the merits on the same day, to wit, March 9, 1945, and rendered a final judgment against all defendants perpetuating the temporary injunction and awarding plaintiff costs. No other relief was granted. Although the order overruling Pinkston's plea and the final judgment are separate orders, it is apparent that only one hearing was had in the trial court and that both the order overruling the plea and the final judgment are based upon this hearing. Error has not been assigned to this procedure. The trial court's findings, and various recitations in the order and in the final judgment show that defendants were notified of this combined hearing on the plea and trial of the merits.

The plea of privilege and the merits of the cause were tried before the court without a jury. Defendants Pinkston and Richburg, although notified, did not appear at the hearing (or trial) of March 9th and are before us on writ of error. They also attempted to perfect an appeal. The sheriff of Shelby county has not appealed.

At the request of "defendants," the trial court filed findings of fact and conclusions of law from which we make the statement below. There is also a statement of facts before us. No exception was taken to the findings and no request was made for additional findings.

On June 30, 1944, defendant Pinkston procured a writ of garnishment to be issued out of the justice court in cause No. 9485 in that court, directed to the plaintiff bank and requiring answers to be made concerning one Charles B. Robinson. (This writ is in the statement of facts; it there identifies the obligation supporting it as a judgment of the justice court for $198.44 in favor of defendant Pinkston against Charles B. Robinson). This writ commanded plaintiff to appear and answer thereunder on or before 10 o'clock a. m. on July 15, 1944; but it was not served upon plaintiff until July 5, 1944, so that 10 full days did not intervene between the day of service and the day of return.

Plaintiff prepared an answer to this writ, "denying liability of any kind to the said Charles B. Robinson, and denying knowledge of any person who was indebted to him in any manner," and on July 13, 1944, deposited it in the United States mail (presumably at Center) for transmittal to the justice at Dallas; but the document did not come into the hands of the justice until July 17. In the meantime, on July 15, 1944, the justice rendered judgment in favor of defendant Pinkston against plaintiff for $198.44 and costs.

The trial court made the following finding respecting the merits of Pinkston's claim against plaintiff: "I find that the Farmers State Bank, Center, Texas, was not indebted to the said Charles B. Robinson in any sum, or sums, of money, nor did the said bank have any effects belonging to the said Charles B. Robinson, nor did the said Bank have any knowledge of any person who was indebted to the said Charles B. Robinson, or have any effects of any kind belonging to the said Charles B. Robinson." What date this finding related to is not clearly shown.

Nothing appears in the findings of fact (or in the statement of facts) respecting the conduct of the various parties after the rendition of the justice's judgment on July 15, 1944, down to October 16, 1944, but on that date defendant Pinkston "placed in the hands" of defendant Middleton, sheriff of Shelby county, a writ of execution which had been issued by the justice under the aforesaid judgment, "commanding the collection of the said $198.44 and costs" from plaintiff and which was made returnable "to the first day of the next term of court to be holden in my office in Dallas on the 21st of October, 1944." The trial court found further that this return was "a date not authorized by law and at a time not permitted by law."

(The amount of these costs and the other details of the execution were not related in the findings of fact. The justice's judgment was not introduced in evidence. However, the writ of execution is in the statement of facts. There we see it to be

dated October 12, 1944, nine days prior to the return date, and that it shows these costs to be $4.95, making the total to be collected under the writ the sum of $204.-39, the principal amount of the judgment being $198.44.)

The sheriff levied this writ "upon the property" of plaintiff, and advertised this property for sale on December 5, 1944. (The property is not identified and the details of the levy are not related in the findings. However, the sheriff's return is in the statement of facts. As copied there it recites that the writ came into the officer's hands on October 16, 1944, and that it was levied on October 28, 1944, upon a tract of land in the town of Center and upon certain improvements, including the two-story brick building, situated on this tract. The fact is immaterial, but we note that a witness identified these premises as plaintiff's banking house.)

Plaintiff resisted this writ by an injunction issued out of the trial court in another suit filed in that court, to wit, No. 12973, styled Farmers State Bank of Center v. Dick Middleton, et al., which was filed before the present suit (No. 12984) was filed.

The findings exhibit only three items of information respecting No. 12973: (1) That on October 28, 1944 (which according to the sheriff's return, was the date of the levy) the trial court granted plaintiff's application for a "temporary restraining order" against the sheriff and against defendant Pinkston "preventing them from proceeding further in their efforts to collect under the execution" to which we have just referred; (2) that defendant Pinkston filed an answer in this suit on November 13, 1944; and (3) that this suit was dismissed on December 27, 1944, "without prejudice to the right and privilege" of plaintiff. As previously stated, the present suit was filed six days earlier, on December 21, 1944.

The trial court concluded, as a basis for the order overruling the plea and for the final judgment: (a) that since 10 full days had not elapsed between the date when the writ of garnishment was served upon plaintiff and the return date named in said writ, plaintiff was not required to answer on that date and the justice's judgment of that date

was void; (b) that the execution was absolutely void because it was made returnable to a time not allowed by law and because the basic judgment was void; and (c) that the sheriff, who resided in Shelby county, was a proper, and also a necessary party to this suit. The trial court concluded further, as an independent ground for assuming venue, that a telegram from defendant Pinkston to the trial judge constituted an appearance on the merits before the plea of privilege was filed.

No findings were made respecting plaintiff's purported cause of action for damages, and this cause of action was abandoned and is without significance here.

### Orders on Motions.

Certain motions are pending before us which must be disposed of before considering the merits of the writ of error.

(1) Motions filed before submission: The order overruling defendant Pinkston's plea of privilege, and the final judgment rendered against all three defendants on the merits of the cause were separate orders, each dated March 9, 1945. Notice of appeal from the final judgment was never given; but on March 29, 1945, within the time allowed for taking an appeal from the order overruling the plea, defendants, Pinkston and Richburg filed in the district clerk's office a joint appeal bond which identified the subject matter of the appeal then being taken as a judgment dated March 9, 1945, "overruling the plea of privilege of the said W. E. Richburg and Jack Pinkston and or granting Farmers State Bank's application for injunction against the said W. E. Richburg and Jack Pinkston, from which judgment the said W. E. Richburg and Jack Pinkston desire to take an appeal to the Court of Civil Appeals for the Ninth Supreme Judicial District." Subsequently, on April 11, 1945, a complete transcript of the record of this cause, including both the order and the final judgment, was filed in this court, and on April 20, 1945, a statement of facts covering the hearing or trial of March 8, 1945, was filed herein. The district clerk's certificate to the transcript is dated March 29, 1945, and recites in effect that the transcript contains all proceedings had in this

cause; and the statement of facts is certified as showing all proceedings had upon the "trial" of this cause. Because of proper extensions of time, these records were filed in this court within a time allowed by law for perfecting an appeal from the order overruling the plea of privilege.

On May 8, 1945, a brief was filed herein which in effect assigned error to the judgment on the merits as well as to the ruling on the matter of venue; and we construed, and we yet construe the statement of facts, transcript and brief as having been filed by both defendant Pinkston and defendant Richburg.

On May 3, 1945, plaintiff filed a motion to dismiss the aforesaid appeal on the following grounds: (a) The record was filed too late to support an appeal from the order overruling the plea (this ground was not good, as we have just stated), and (b) did not exhibit any notice of appeal from the judgment on the merits. Defendants Pinkston and Richburg thereupon filed in this court, on June 5, 1945, within the six months permitted, certified copies of their petition and bond for writ of error, and of notations by the district clerk showing that notice of their petition had issued to plaintiff's attorney of record, and with these documents they also filed a motion to consider therewith the transcript and statement of facts referred to above. In effect, these defendants prayed that they be allowed to use as their record under their writ of error the record which they had filed under their appeal.

Both motions were taken with the merits and were not disposed of until this court rendered judgment on the merits of the writ of error.

■ On original hearing, we disposed of plaintiff's motion on the ground that the record pertaining to the appeal showed an attempt by defendants Pinkston and Richburg to appeal from the final judgment, which was ineffective because notice of appeal from that judgment was never given, and that the filing of the writ of error proceedings, with the adoption of the appeal record, operated as an abandonment of the appeal, which we accordingly dismissed. The holding did not affect the sub-

stantial rights of these defendants, since all of their points of error were reviewable under their writ of error, but on rehearing they argue that an independent appeal was perfected from the order overruling the plea of privilege. If an attempt was made to appeal directly from the order overruling the plea, the subject matter of the appeal was moot, because a final judgment remained outstanding, over which this court had no power under such an appeal and which made ineffective any judgment by this court on such an appeal. See McNeill v. Hubert, 119 Tex. 18, 23 S.W.2d 331; A. B. Richards Medicine Co. v. Avant, Tex.Civ.App., 275 S.W. 260. We have found nothing in the present Rules to change the relevant holdings in these decisions. Viewed either as an appeal from the final judgment or from the order overruling the plea, the attempted appeal must be dismissed and we accordingly adhere to our original order of dismissal.

■ Defendant's motion was sustained on original hearing and no reason appears for changing our conclusion. The facts recited show that defendants Pinkston and Richburg have not followed the rules in bringing their writ of error record into this court, but the circumstances are unusual and support our ruling. We have acted upon the following grounds: (a) The certified copies of the writ of error proceedings show that defendants Pinkston and Richburg met the various requirements of Texas Rules 359 to 363, inclusive, and thereby invested this court with at least potential jurisdiction to hear and decide this cause on the merits. (b) Under Rule 399, dismissal of the appeal vests defendants with a right to possession of the transcript. In Wilkerson v. Davis, 256 S.W. 944, the Court of Civil Appeals seems to have granted an appellant the same right to possession of his statement of facts which he is declared to have to his transcript under Rule 399, but whether we apply this decision here or not, we can see no more impropriety in allowing these defendants to refer to their statement of facts than in allowing them to refer to their transcript. (c) The statement of facts and the transcript constitute something more than the record to be filed on a plea of privilege ap-

peal. As certified, both records cover the trial and adjudication of the merits, as well' as the matter of venue. We evidently have before us all, or else whatever part of the evidence and the filed records of the trial court that may be needed to adjudicate the issues made under the writ of error. The statement of facts is obviously complete. The transcript is complete down to March 29, 1945, the date it was certified, which was 20 days after judgment. The March term of the trial court may have extended beyond the date when the transcript was certified (Vernon's Ann.Civ.St. art. 199, Sub. Div. 123, Sec. 5), but the parties briefed and submitted this cause (and this court has rendered judgment on original hearing) without any suggestion that the transcript or the statement of facts was incomplete; and it seems apparent now, as it did on submission day, that everything which the parties deemed necessary to present their views is in the record, in accurate and apparently satisfactory form. The transcript of the record, in effect, has been tendered in two parts, but this informality need not be given any significance. Barron v. James, Tex.Sup., 198 S.W.2d 256, at page 260 (Hdn. 5, 6). (d) the transcript and statement of facts filed on the former appeal were filed in behalf of defendant Richburg as well as defendant Pinkston.

■ Plaintiff, in fact, has never objected to the procedure which defendants invoked, and, although the character of the record is a matter which we must determine independently of the parties' agreement, we feel justified now under all of the circumstances recited, as we did originally, in deciding the merits of the writ of error on the several records which have been filed in this court.

■ (2) Motions for rehearing: Defendants Pinkston and Richburg filed a motion for rehearing within the 15 days allowed by Rule 458, and after the expiration of said 15 days tendered an amended motion, with a request for leave to file the amendment. The request will be granted under the circumstances. We note that only Ground Fourth of the amendment was not contained in the original motion. The subject matter of Ground Fourth is immaterial now, as it was originally, since all of defendants' Points of Error may be reviewed under the writ of error, and Ground Fourth may be disregarded for that reason. The amendment contains a more extended argument in support of the prayer for rehearing than did the original, and since no new ground for rehearing material to our judgment will be brought in by the amendment and since we wish to have defendants' argument before us as part of the record, we grant defendants leave to file the amendment.

Venue, Jurisdiction and Merits.

The Points of Error and Grounds for Rehearing filed by defendants Pinkston and Richburg deny the trial court venue and jurisdiction of the subject matter of plaintiff's cause of action to restrain the enforcement of the justice's judgment and assign error to the final judgment on the merits of that cause of action. These various assignments will be disposed of upon the following comments:

■ I. Venue: (A) The trial court's action in assuming venue of this suit may be reviewed under the writ of error to the final judgment, since the matter of venue and the merits of the suit were adjudicated at the same term of court. Smith Bros. Grain Co. v. Windsor & Stanley, Tex.Com. App., 255 S.W. 158; Barron v. James, Tex.Sup., 198 S.W.2d 256.

(B) The trial court erred in taking venue of the plaintiff's attack on the justice's judgment.

We originally held, for reasons which need not be fully stated, that the justice's judgment was absolutely void on the facts found by the trial court and that the district court of Shelby county, in order to avoid a multiplicity of suits, properly took venue of plaintiff's cause of action to restrain the enforcement of that judgment. We have since concluded that venue of this cause of action lay in Dallas county. Our reasons for this conclusion make it unnecessary that we determine the validity of the justice's judgment, and we accordingly withdraw our holding that this judgment was void. We express no opinion regarding the validity of this judgment. Our grounds

for holding that Dallas county had venue of plaintiff's attack on the justice's judgment follow.

■ (1) If the justice's judgment is not subject to collateral attack, venue of plaintiff's attack on this judgment lay in Dallas county under subdivision 17 of Art. 1995 because the judgment was rendered in that county. Lester v. Gatewood, Tex.Civ.App., 166 S.W. 389; Thacher Medicine Co. v. Trammell, Tex.Civ.App., 279 S.W. 307; McKinney v. Texas Life Ins. Co., Tex.Civ. App., 143 S.W.2d 789.

■ (2) If the justice's judgment is actually subject to collateral attack, and if it may be declared void and its enforcement restrained on that collateral attack for the reason alleged by plaintiff, then venue of plaintiff's attack on the judgment lay in Dallas county under the concluding provisions of art. 4656, reading as follows: "Writs of injunction for other causes, if the party against whom it is granted be an inhabitant of the State, shall be returnable to and tried in the district or county court of the county in which such party has his domicile, according as the amount or matter in controversy comes within the jurisdiction of either of said courts. If there be more than one party against whom a writ is granted, it may be returned and tried in the proper court of the county where either may have his domicile." We say this because:

■ (a) Plaintiff's cause of action to adjudicate the validity of the justice's judgment and to restrain enforcement of that judgment is a suit for injunction, that is, a cause of action for relief by injunction as distinguished from a cause of action to which injunctive relief is merely ancillary. The following decisions show the nature of plaintiff's attack on the justice's judgment: August Kern Barber Supply Co. v. Freeze, 96 Tex. 513, 74 S.W. 303; Galveston, H. & S. A. Ry. Co. v. Ware, 74 Tex. 47, 11 S.W. 918; Glass v. Smith, 66 Tex. 548, 2 S.W. 195; Cotton v. Rea, 106 Tex. 220, 163 S.W. 2, at page 4 (Hdn. 1).

■ (b) The concluding provisions of art. 4656, which we have quoted above, regulate the venue of suits for injunction, the venue of which is not fixed by some other statute. Uvalde Rock Asphalt Co. v. Asphalt Belt Ry. Co., Tex.Com.App., 262 S.W. 737, (reversed on rehearing, Tex.Com.App., 267 S.W. 688, because suit might be construed as action in trespass to try title instead of suit for injunction).

■ (c) Subdivision 17 of art. 1995 and the opening clause of art. 4656 ("Writs of injunction granted to stay proceedings in a suit, or execution on a judgment, shall be returnable to and tried in the court where such suit is pending, or such judgment was rendered;—") do not apply to suits to restrain the enforcement of judgments which are void on collateral attack. On subdivision 17: Price & Beaird v. Eastland County Land & Abstract Co., Tex.Civ.App., 211 S.W. 478; Thacher Medicine Co. v. Trammell, Tex.Civ.App., 279 S.W. 307. On art. 4656: Ketelsen & Degetau v. Pratt Bros. & Seay, Tex.Civ.App., 100 S.W. 1172; Wright v. Shipman, Tex.Civ.App., 279 S.W. 296. Therefore the "writs of injunction for other causes," the venue of which is governed by the concluding provisions of art. 4656, necessarily include a suit, or a cause of action, to restrain the enforcement of a judgment which may be declared void on a collateral attack.

■ (d) The sheriff of Shelby county was not attempting to enforce the writ of execution when the present suit was filed, and plaintiff did not prove any cause of action against him. Plaintiff alleged that the sheriff was threatening to sell the property on which he had levied this execution, but the trial court's findings do not establish this allegation. The trial court has only found that the sheriff was threatening to sell the property during the time before the sheriff was enjoined from so doing by the temporary restraining order which the trial court issued in cause No. 12973 (the suit filed by plaintiff before this present suit was filed) and the findings also show that this restraining order was issued on, and apparently took effect through service on October 28, 1944, which was 54 days before the present suit was filed on December 21, 1944. The sheriff presumably remained under restraint until No. 12,973 was dismissed on December 27, 1944, and there is no evidence in the statement of facts which

would support a finding that he threatened to sell the property in violation of the restraining order, or that he took up the execution after the dismissal on December 27 and was proceeding to enforce it when he was prevented from so doing by the temporary injunction of December 29. If the sheriff had been threatening to enforce the execution when this suit was filed, and if the justice's judgment had been void against collateral attack on the grounds advanced by plaintiff, then the concluding (venue) provisions of art. 4656 might have put venue of plaintiff's attack on the judgment in Shelby county because the sheriff resided in that county. Little v. Griffin, 33 Tex.Civ.App. 515, 77 S.W. 635. However, this statute ought not to have that effect, and we hold that it would not have that effect until plaintiff at least proves that plaintiff actually had a cause of action against the sheriff for injunctive relief when this suit was filed; and until it appears that the sheriff is acting or is threatening to act, the plaintiff obviously has no need for injunctive relief against him. Since plaintiff failed to prove the allegation that the sheriff was threatening to make a sale under the execution, plaintiff failed to establish a cause of action against the sheriff when this suit was filed.

■ (e) The fact that the trial court granted plaintiff a temporary injunction indicates that plaintiff did have a cause of action against the sheriff when this suit was filed, but the issue of venue was not before the trial court when this injunction was granted. The plea of privilege was not filed until December 29, 1944, two days after the injunction hearing (a lawful time), and we hold that the granting of the injunction did not adjudicate the issue of venue or predetermine the basic facts controlling the disposition of the plea of privilege. The peculiar wording of art. 4656 perhaps indicates that if a temporary writ is actually granted against more than one party, in a county where one of the injoined parties resides, then the court granting the temporary writ should conduct all further proceedings; but this cannot be the sense of the statute. Such a construction would make a suit like the one before us an exception to the general procedure for determining venue (See: Shell Petroleum Corp. v. Grays, 122 Tex. 491, 62 S.W.2d 113, and the all inclusive terms of Texas Rules 85–89, inclusive) and would settle venue of the merits, not as the result of a hearing on the issue of venue but as an automatic legal conclusion from a hearing on another matter, which, because of the nature of the matter determined (temporary injunctive relief) is actually inappropriate for determining the issue of venue.

■ (3) Since either subdivision 17 or the concluding (venue) provisions of art. 4656 govern the venue of plaintiff's attack on the justice's judgment, we need not determine whether that judgment is or is not void, because both subdivision 17 and the venue provisions of art. 4656 expressly prescribe the venue of the different types of suit referred to in those statutes, and under subdivision 30 of art. 1995 each of said statutes is mandatory and the suits to which each statute applies must be brought in the county named in the particular statute. On subdivision 17: Price & Beaird v. Eastland County Land & Abstract Co., Tex.Civ.App., 211 S.W. 478. On art. 4656: Uvalde Rock Asphalt Co. v. Asphalt Belt Ry. Co., Tex.Com.App., 262 S.W. 737, reversed on rehearing because suit regarded as action in trespass to try title instead of suit for injunction, Tex.Com.App., 267 S.W. 688.

Therefore the Rule of decision which authorizes a trial court having venue of one cause of action to assume venue of another cause of action in order to avoid a multiplicity of suits cannot be applied, and the joint plea of privilege of defendants Pinkston and Richburg should have been sustained as regards plaintiff's attack on the judgment; and that cause of action should have been transferred to the district court of Dallas county. Lester v. Gatewood, Tex.Civ.App., 166 S.W. 389, at page 394; Republic Insurance Co. v. Walters, Tex.Civ.App., 88 S.W.2d 726, citing the decision of this court in Grogan-Cochran Lumber Co. v. McWhorter, Tex.Civ.App., 4 S.W.2d 995; Fetherston v. State, Tex.Civ.App., 146 S.W.2d 1078.

■ (C) We construe Pinkston's telegram to the trial judge as referring to the

plea of privilege which was received and filed two days after the date of the telegram and hold that the telegram was not an appearance on the merits and that it did not operate as a waiver of the plea of privilege. The brief referred to in this telegram was not a pleading but was simply a discussion of certain authorities bearing on the issue of venue as well as upon the validity of the judgment which, in the trial court and on original hearing in this court, was regarded as controlling the issue of venue, as well as the merits of one of plaintiff's purported causes of action.

II. Jurisdiction and merits: Since we have held that venue of the plaintiff's cause of action to restrain enforcement of the justice's judgment should have been transferred to Dallas county, we need not determine whether the court to which the transfer will be made has jurisdiction to adjudicate the merits of that cause of action, nor need we state any opinion regarding the contention of defendants Pinkston and Richburg that plaintiff should have attempted to set aside the justice's judgment by appeal or certiorari. Harris v. Gregory, Tex.Civ.App., 23 S.W.2d 748; Downing v. Slattery, Tex.Civ.App., 144 S.W.2d 371; National Life Co. v. Rice, 140 Tex. 315, 167 S.W.2d 1021; Ferguson v. Fain, Tex. Civ.App., 142 S.W. 1184. We are satisfied that the district court of Shelby county (under authorities cited below) could have assumed jurisdiction of the subject matter of plaintiff's attack on the justice's judgment and we are unwilling, on the facts found by the trial court and the evidence before us, to extend our opinion beyond this point. The parties should have an opportunity of amending pleadings and of further developing the proof on this issue of jurisdiction.

Defendants Pinkston and Richburg have not assigned error to the trial court's judgment insofar as it determines that the writ of execution was returnable to an unlawful date and was invalid for that reason; and the trial court's judgment restraining further proceedings under this writ may therefore be affirmed to the extent, but of course only to the extent, that it adjudicates the invalidity of this single execution (and the levy made thereunder) on this single ground. We have not undertaken to determine whether the trial court was correct in concluding that the return date invalidated the execution. The district court of Shelby county had jurisdiction of the subject matter of this independent branch of the case for the following reasons:

█ (1) There is nothing to show that the execution was returnable to any date other than the return date named in the writ, to wit, October 21, 1944. The writ purports to be returnable to the first day of the next term of Justice Court, but the terms of that court were fixed by orders of the Commissioners' Court of Dallas county (art. 2351, subdiv. 1; art. 2380, subdiv. 2), and we cannot take judicial notice of when a term of that court began. Swinborn v. Johnson, Tex.Civ.App., 24 S.W. 567. Therefore we must treat the execution as being truly returnable to the date named in the writ, October 21, 1944, and this being so, must also assume that the writ (if ever valid) had expired 61 days before this suit was filed on December 21, 1944.

█ (2) Plaintiff's attack on the execution is thus to be construed as an attack on the levy, for there was, in fact, nothing else to be attacked. Plaintiff necessarily lodged this attack in either a district or a county court, because the injunctive relief plaintiff desired (and which the trial court actually granted on December 29, 1944) could not be granted by any other court; and as between district and county court plaintiff properly chose the district court because the subject matter disputed between the parties on this branch of the case was not the validity of the justice's judgment but, instead, was the liability of plaintiff's property to pay that judgment, and as our preliminary statement shows, this property was land. The judgment to be rendered under plaintiff's attack on the execution in effect establishes or denies a lien on plaintiff's property for a reason which does not affect the enforcibility of the justice's judgment and which, if found in plaintiff's favor as the trial court found it, actually destroys the levy without affecting in any way the justice's judgment; and since the property levied upon was land, the district court had jurisdiction of the subject matter of this

branch of the case under that provision of Section 8, art. 5 of the Texas Constitution, Vernon's Ann.St., vesting the district court with jurisdiction of "all suits for trial of title to land." Frichott v. Nowlin, Tex.Civ. App., 50 S.W. 164, at page 166 ("Nor do we think it (the county court) has jurisdiction to determine the validity of a lien created by the levy of an execution on land,"); Ingraham v. City of Nacogdoches, Tex.Civ.App., 169 S.W. 1134; Morris Plan Bank v. Ogden, Tex.Civ.App., 144 S.W.2d 998.

(3) Having jurisdiction to adjudicate the validity of the levy as affected by the return date of the execution, the district court of Shelby county could adjudicate independent matters which also affected the validity of the levy (even though . the amount thus incidentally brought into controversy did not fall within the jurisdiction of the district court) and thus could have adjudicated the validity of the justice's judgment if venue of that cause of action had not lain in Dallas county. The validity of the Justice's judgment also affected the validity of the levy, and having determined, in considering the levy, that this judgment was or was not valid, the trial court had the incidental power to go beyond the levy and declare the matter determined, namely, that the justice's judgment was or was not valid. Chambers & Thigpen v. Cannon, 62 Tex. 293; Garrett v. Robinson, 93 Tex. 406, 55 S.W. 564; Beauchamp v. Parrish, Tex.Civ. App., 148 S.W. 333.

It should be noted that we do not have before us any question regarding the application of the opening clause of art. 4656 ("Writs of injunction granted to stay proceedings in a suit, or execution on a judgment, shall be returnable to and tried in the court where such suit is pending, or such judgment was rendered;—") since this provision of that statute does not apply to justice's judgments and necessarily does not apply to executions issued under such judgments Foust v. Warren, Tex.Civ.App., 72 S.W. 404; Thacher Medicine Co. v. Trammell, Tex.Civ.App., 279 S.W. 307; Kieschnick v. Martin, Tex.Civ.App., 208 S.W. 948; Id., Tex.Com.App., 231 S.W. 330.

Our construction of the plaintiff's attack on the execution as being an attack on the levy through the execution does not affect our holding regarding venue of plaintiff's attack on the justice's judgment.

These comments dispose of all Points of Error and of all Grounds for Rehearing made by defendants Pinkston and Richburg. As regards plaintiff's cause of action to restrain the enforcement of the Justice's judgment, the motion for rehearing is granted, the judgment of the trial court is reversed, and said cause of action is remanded to the trial court with instructions to transfer the same to the district court of Dallas county. Otherwise, the motion for rehearing is overruled and the trial court's judgment is affirmed.

On Motion for Rehearing.

Plaintiff's motion for rehearing is before us, with the reply thereto of defendants Pinkston and Richburg.

Plaintiff's motion has been fully considered but is overruled.

Under the Fourth Point stated in the motion, plaintiff expresses some uncertainty as to what part of the trial court's judgment has been affirmed. We have affirmed that part of the trial court's judgment which declares invalid the writ of execution and the levy made under the execution. (The levy, of course, if valid, would have constituted a lien on the plaintiff's property.) In order to determine the effect and meaning of the trial court's judgment, that judgment must be read with the order of December 29, 1944, granting plaintiff a temporary injunction, which it perpetuated, and it must also be read with the trial court's conclusions of law; and when the judgment is so read, we construe it as enjoining any proceedings under the execution and the levy thereof on the ground that the return date invalidated the writ and thus invalidated the levy. Our affirmance perpetuated this part, and no other, of the trial court's judgment. We say that the trial court's judgment may stand to the extent that it invalidates the writ and the levy thereof on a ground which does not touch the Justice's judgment; but we have remanded the plaintiff's attack on the Justice's judgment, for transfer to Dallas county.

Plaintiff's attention is directed to the following language of our opinion:

"Defendants Pinkston and Richburg have not assigned error to the trial court's judgment insofar as it determines that the writ of execution was returnable to an unlawful date and was invalid for that reason; and the trial court's judgment restraining further proceedings under this writ may therefore be affirmed to the extent, but of course only to the extent, that it adjudicates the invalidity of this single execution (and the levy made thereunder) on this single ground. We have not undertaken to determine whether the trial court was correct in concluding that the return date invalidated the execution."