## MAGNOLIA PETROLEUM CO. v. STATE.

### No. 9760.

Court of Civil Appeals of Texas. Austin.

Jan. 12, 1949.

Rehearing Denied Feb. 2, 1949.

See, also, Tex.Civ.App., 173 S.W.2d 186.

Dan Moody, of Austin, and Walace Hawkins, Earl A. Brown, and Chas. B. Wallace, all of Dallas, for appellant Magnolia Petroleum Co.

Wm. E. Remy, of San Antonio, for appellants Tex-America Oil Co. and others.

Price Daniel, Atty. Gen., and Fagan Dickson and Burnell Waldrep, Asst. Attys. Gen., for the State.

HUGHES, Justice.

Appellant, Magnolia Petroleum Company, whose domicile is in Dallas County, appeals from an interlocutory judgment overruling its plea of privilege.

The State sued appellant and numerous other parties, alleging, in the main, that they were the owners or operators of oil and gas leases in the Luling and Salt Flat Oil Fields in Caldwell and Guadalupe Counties, from which leases some oil and large quantities of salt water were being produced, and that such salt water was allowed or permitted to escape, flow into, and pollute and contaminate the waters of the Guadalupe River, its principal tributary, the San Marcos River, and other tributaries, all of such streams and their waters being property of the State of Texas.

Injunctive relief only, to prohibit such pollution, was sought.

On the hearing it was stipulated that defendant Georgia-Tex Oil Company, a private corporation, had its principal place of business in Travis County, and that defendants, Ellis Friedman, North Millican, Hiram Reed, J. B. Stroburg, and Oswald G. Wolfe, were residents of Travis County.

■ The venue of a suit in which injunctive relief only is sought is controlled by Art. 4656, Vernon's Ann.Civ.St., the concluding sentence thereof providing:

"If there be more than one party against whom a writ is granted, it may be returned and tried in the proper court of the county where either may have his domicile." 24 Tex.Jur., p. 162; International & G. N. R. Co. v. Anderson County, Tex.Civ.App., 150 S.W. 239, affirmed 106 Tex. 60, 156 S.W. 499; Brownsville Shrimp Co. v. Miller, Tex.Civ.App., Galveston, 207 S.W. 2d 911, Writ Ref. NRE.

■ Appellant concedes this rule to be correct in cases where a temporary injunction has been issued prior to the filing of a plea of privilege, but denies its applicability here because no temporary injunction had been granted prior to the filing and hearing on the plea of privilege.

In our opinion venue of a suit, a matter of importance to a plaintiff as well as a defendant, does not and should not turn upon any rule of thumb such as that suggested and pressed upon us by appellant.

The converse of the contention made by the appellant here was before the court in Pinkston v. Farmers State Bank of Center, Tex.Civ.App., Beaumont, 201 S.W.2d 595, 603.

In that case a temporary injunction was issued against a resident defendant before the non-resident defendant filed its plea of privilege. On the hearing of the plea the evidence failed to show a cause of action against the resident defendant. In holding that the issuance of the temporary injunction did not determine the issue of venue the court said:

"The fact that the trial court granted plaintiff a temporary injunction indicates that plaintiff did have a cause of action against the sheriff when this suit was filed, but the issue of venue was not before the trial court when this injunction was granted. The plea of privilege was not filed until December 29, 1944, two days after the injunction hearing (a lawful time), and we hold that the granting of the injunction did not adjudicate the issue of venue or predetermine the basic facts controlling the disposition of the plea of privilege. The peculiar wording of art. 4656 perhaps indicates that if a temporary writ is actually granted against more than one party, in a county where one of the enjoined parties resides, then the court granting the temporary writ should conduct all further proceedings; but this cannot be the sense of the statute. Such a construction would make a suit like the one before us an exception to the general procedure for determining venue (See: Shell Petroleum Corporation v. Grays, 122 Tex. 491, 62 S.W.2d 113, and the all inclusive terms of Texas Rules 85-89, inclusive) and would settle venue of the merits, not as the result of a hearing on the issue of venue but as an automatic legal conclusion from a hearing on another matter, which, because of the nature of the matter determined (temporary injunctive relief) is actually inappropriate for determining the issue of venue."

We agree with the reasoning of the court in the above case and hold that venue in injunction cases is not controlled by non-issuance or the time of issuance of a temporary injunction.

It was incumbent upon the State to prove the cause of action which it alleged against the resident defendant. Pinkston v. Farmers State Bank of Center, supra; Sheppard v. Zapp, Tex.Civ.App., Waco, 120 S.W.2d 898, and authorities therein cited.

The only evidence upon which the State relies to discharge this burden is the following:

"Q. Mr. Wilson, in the Luling Field and the Salt Flat Field, did you investigate and find that defendants F. & R. Oil Company, Stroburg & Wolfe, Millican, Reed & Norman, operate leases in that particular area?

"A. They do. In fact, Millican, Reed & Norman operate an adjoining lease to R. S. Wisner. From what I understand, they are going to use the same holding pit.

"Q. These defendants that we have just mentioned, in your opinion, are they contributing to the pollution of these two rivers?

"A. They are.

"Q. That is all."

Considering the nature of the subject as to which inquiry was being made and the absence of anything in the record before us to show the need of opinion evidence being received to establish the facts sought to be proved, we hold that this testimony is insufficient to support the judgment of the trial court. Chap. 26, McCormick and Ray, Texas Law of Evidence; Henry v. Phillips, 105 Tex. 459, 151 S.W. 533.

The case has not been fully developed and our duty is to reverse the judgment and remand the case for a new trial. Jackson v. Hall, Tex.Sup. 214 S.W.2d 458.

It is so ordered.

Reversed and remanded.

ARCHER, C. J., not sitting.

On Appellee's Motion for Rehearing.

In addition to the evidence set out in our original opinion as to proof of a cause of action against the resident defendants, appellee's witness, J. W. Wilson, testified:

"Q. Did you inspect the leases of these defendants who live in Travis County, Texas?

"A. Yes, sir.

"Q. Did you find pollution on their leases also?

"A. Yes, sir."

An affidavit of this witness was also admitted in evidence over objection of appellant.

Appellee did not in its original brief assert or argue that this affidavit was admissible and did not rely upon any statements contained in such affidavit as proof of a cause of action against the defendants who resided in Travis County.

In its motion for rehearing appellee does quote from the affidavit of Mr. Wilson, but does not assert nor argue its admissibility except, perhaps inferentially, by calling attention to the form of objection made to its introduction.

The affidavit was self-serving and was not admissible, and the statements contained in it were incompetent and could form no basis for a judgment even though the affidavit had been admitted without objection. Henry v. Phillips, 105 Tex. 459, 151 S.W. 533.

Considering the additional evidence set out above we are still of the opinion that the evidence was insufficient to show that the resident defendants were polluting the streams in question.

The motion for rehearing is overruled.

Overruled.

ARCHER, C. J., not sitting.