## SALT FLAT WATER CO. v. STATE.
### No. 9924.

Court of Civil Appeals of Texas. Austin.

Oct. 18, 1950.

Rehearing Denied Nov. 8, 1950.

J. A. Rauhut, of Austin, K. W. Gilmore, of Houston, for appellant.

Price Daniel, Atty. Gen., and Burnell Waldrep, Asst. Atty. Gen., for appellee.

GRAY, Justice.

This appeal by Salt Flat Water Company, a corporation, is from a judgment overruling its plea of privilege to be sued in Harris County where it maintains its principal office and place of business.

The suit was filed by the State against appellant, the Allied Oil Company, and L. D. Ormsby. Allied Oil Company is an assumed name adopted by J. B. Stroburg and others, under the provisions of Art. 5924, Vernon's Ann.Civ.St. Its designated place of business is Travis County. The petition alleges that Allied Oil Company is a partnership and that O. G. Wolf is acting as trustee. Travis County is alleged to be the residence of J. B. Stroburg and O. G. Wolf, and Bexar County the residence of L. D. Ormsby.

The suit is for injunctive relief restraining each of the defendants from polluting and contributing to the pollution of the Guadalupe and San Marcos Rivers and their tributaries by permitting salt water to drain into said streams.

It is alleged that Allied Oil Company and L. D. Ormsby operate oil and gas leases in the Salt Flat Oil Field in Caldwell County within the watershed of the above streams, that large quantities of salt water is produced from these leases, together with oil, and that the salt water is allowed to drain into the above streams. That appellant is engaged in the business of gathering and impounding salt water produced by the operators in the Salt Flat Field who use the system, and that such salt water is allowed to drain from the reservoir into the San Marcos River.

At the time of the hearing on the plea of privilege, the other defendants had not answered.

Appellant's only point is to the effect that appellee failed to show facts which would constitute an exception to the exclusive venue in the county of appellant's residence, and here argues this point should be sustained because: (1) the defendants who are residents of Travis County were already under a temporary injunction in a case pending in the same trial court, and all relief sought against the resident defendants in the present suit had been, or could be, obtained in the prior suit, and (2)

the plaintiff (appellee) failed to make out a case of pollution against the resident defendants.

At the trial appellant introduced in evidence the pleadings, citations and judgment in the prior suit, same being cause No. 81,-145, State v. Magnolia Petroleum Company. It was stipulated this prior suit is still pending and is not disposed of on its merits, except that a temporary injunction was granted and is still in effect.

We deem it not necessary to discuss appellant's first proposition further than to say that by filing its plea of privilege appellant challenged the right of the State to bring this suit in Travis County and placed the burden on the State to prove only such facts as would sustain its selection of venue. Whether or not the relief prayed for in this cause has, or has not been, can, or can not be, obtained against the resident defendants in cause No. 81,145 are matters of defense and have no proper place in a trial involving only venue. Texas Plains Lodge No. 105 v. Cleghorn, Tex.Civ.App., 207 S.W.2d 109; Uvalde Const. Co. v. Waggoner, Tex.Civ.App., 159 S.W.2d 203; Benson v. Fulmore, Tex.Com.App., 269 S. W. 71.

In Magnolia Petroleum Company v. State, Tex.Civ.App., 218 S.W.2d 852, 853, this court said: "The venue of a suit in which injunctive relief only is sought is controlled by Art. 4656, Vernon's Ann. Civ.St., the concluding sentence thereof providing: 'If there be more than one party against whom a writ is granted, it may be returned and tried in the proper court of the county where either may have his domicile.' 24 Tex.Jur., p. 162; International & G. N. R. Co. v. Anderson County, Tex.Civ.App., 150 S.W. 239, affirmed 106 Tex. 60, 156 S.W. 499; Brownsville Shrimp Co. v. Miller, Tex.Civ.App., Galveston, 207 S.W.2d 911, Writ Ref. N.R.E." And further said that: "It was incumbent upon the State to prove the cause of action which it alleged against the resident defendant. Pinkston v. Farmers State Bank of Center, supra [Tex.Civ.App., 201 S.W.2d 595];

Sheppard v. Zapp, Tex.Civ.App., Waco, 120 S.W.2d 898, and authorities therein cited."

The operations of the resident defendants relate to a well on the C. F. Dye lease in Caldwell County, the drainage from which lease is into Plum Creek, a tributary of the San Marcos River which flows into the Guadalupe.

The water from these streams is used for farm livestock, drinking and other purposes. The chloride content of the water in the Guadalupe River at Gonzales (down stream from the Dye lease) was shown to be such, at times, as to render it unfit for drinking and other uses. A witness testified that for eighteen months Allied Oil Company had discharged salt water from their lease and permitted it to drain into Plum Creek; that a holding pit had been constructed on the lease but that it was allowed to overflow. This water drained into a nearby "road" ditch and on into Plum Creek. The witness had tasted the water and it was salty.

Article 4444, Vernon's Ann.Civ.St., denounces the discharge, directly or indirectly, of any unclean water, or unclean and polluting matter into any watercourse or public body of water, from which water is taken for the use of farm livestock, drinking and domestic purposes, " * * * or in such proximity thereto that it will probably reach and pollute the waters of such water course or other public body of water from which water is taken, for said uses * * *."

We think the evidence shows that salt water was discharged in such proximity of the San Marcos and Guadalupe Rivers as to probably reach said streams, and to prevent which this action lies against the resident defendants, and, further, that the joinder of appellant was proper. Goldsmith & Powell v. State, Tex.Civ.App., 159 S.W.2d 534, Er.Ref.; Continental Oil Co. v. City of Groesbeck, Tex.Civ.App., 95 S. W.2d 714, Er.Dis.

The judgment of the trial court is affirmed.

Affirmed.