HERMAN J. SMITH GENERAL CONTRACTORS, INC., Appellant,

v.

RIVERDRIVE MALL, INC., Appellee.

No. 5350.

Court of Civil Appeals of Texas, Waco.

July 25, 1974.

Rehearing Denied Sept. 26, 1974.

———◆———

Ewers, Toothaker, Ewers, Abbott, Talbot, Hamilton & Jarvis, McAllen, for appellant.

Hall & Zaffirini, Laredo, for appellee.

## OPINION

McDONALD, Chief Justice.

This case involves venue under Article 4656 Vernon's Ann.Tex.Civ.St.

Appellee Riverdrive Mall, Inc., filed suit in Webb County against appellant Herman J. Smith General Contractors, Inc., and seventeen other defendants on January 21, 1974, alleging appellant was general contractor and the other defendants were sub-contractors in the construction of a Mall for appellee. Appellee sought temporary restraining order, temporary and permanent injunction (to prevent all defendants from removing equipment and records from the jobsite) not ancillary to any other relief. The trial court granted temporary restraining order on the same day.

On January 24, 1974, appellant filed plea of privilege invoking Article 4656 V.A.T.S., to be sued in Tarrant County, the County of its residence. On January 29, 1974, the trial court entered an order extending the temporary restraining order and setting hearing on temporary injunction for February 5, 1974.

On February 1, 1974, appellee filed controverting plea to appellant's plea of privilege alleging that one of the defendants was a resident of Webb County within the meaning of Article 4656 V.A.T.S.

On February 5, 1974, appellant filed cross-action.

On February 5, 1974, the date hearing was set on appellee's motion for temporary injunction the parties announced their differences had been resolved, (although appellee did not know that appellant had filed its cross-action a few minutes earlier). The trial court then dissolved the temporary restraining order; and set hearing on the plea of privilege for February 11, 1974.

On February 11, 1974, the trial court heard and overruled appellant's plea of privilege.

Appellant appeals asserting the trial court erred in overruling its plea of privilege; (and that it is entitled to have its cross-action transferred to Tarrant County).

Article 4656 V.A.T.S., provides: " * * writs of injunction for other causes, if the party against whom it is granted be an inhabitant of the State, shall be returnable to and tried in the district or county court of the county in which such party has his domicile * *. *If there be more than one party against whom a writ is granted, it may be returned and tried in the * * * county where either may have his domicile.*"

█ The term "writ of injunction" as used in the above statute includes "temporary restraining order." Ex parte Coffee, 160 Tex. 224, 328 S.W.2d 283.

Where appellee's petition discloses as here, that the issuance of injunctive relief is the primary and principal relief sought, Article 4656 V.A.T.S., is controlling and mandatory. Brown v. Gulf Television Co., 157 Tex. 607, 306 S.W.2d 706; Fidelity Union Life Ins. Co. v. Evans, Tex., 477 S.W.2d 535; Michalski v. Mutual Bldg. & Loan Ass'n., Tex.Civ.App., n. w. h., 449 S.W.2d 834.

Appellant asserts Houston Sash & Door Company, Inc. v. Davidson, Tex.Civ.App., 509 S.W.2d 690, is dispositive of this case in its behalf, and requires appellee prove that it has a cause of action for injunctive relief *at the time of the hearing of the plea of privilege*.[1] We reject such contention. Davidson's application is limited to venue hearing arising under subdivision 4, Article 1995, V.A.T.S. Cowden v. Cowden, 143 Tex. 446, 186 S.W.2d 69.

The case at bar is a venue action arising under Article 4656 V.A.T.S. We think under this statute the venue facts are:

1) That appellee had a cause of action for injunctive relief, at the time its petition was filed, against more than one defendant; and

2) That one of the defendants had its domicile in the county of suit (Webb County).

Here temporary restraining order was granted against eighteen defendants, at least one of which was a resident of Webb County.

There is ample evidence that at time of filing suit appellee had a cause of action for injunctive relief; and ample evidence that at least one of the defendants was domiciled in Webb County.

Thus under the express provision of Article 4656, V.A.T.S., venue of the entire action (including appellant's cross-action) is properly laid in Webb County. Brownsville Shrimp Co. v. Miller, Tex.

Civ.App., n. r. e., 207 S.W.2d 911; Salt Flat Water Co. v. State, Tex.Civ.App., Mand. O., 233 S.W.2d 597.

Appellant's points are overruled.

Affirmed.

---

1. One justice dissented in Davidson.