In re EBERLE.

(Circuit Court, N. D. Illinois, N. D. November 10, 1899.)

No. 25,348.

GAME—NATURE OF PROPERTY—POWER OF STATE TO REGULATE PRIVILEGE OF HUNTING.

The sovereign ownership of wild game is in the state, in trust for the benefit of its citizens; and a statute requiring the payment of a license by a nonresident for the privilege of hunting such game within the state is a police regulation within the power of the state, and not in violation of article 4, § 2, of the federal constitution, or of section 1 of the fourteenth amendment, although such fee is not required of residents of the state; nor is the validity of such regulation as to a particular individual, who is a nonresident of the state, affected by the fact that he is a stockholder in a corporation of the state which owns lands maintained as a game preserve.

This was a petition by Frank Eberle for a writ of habeas corpus.

Le Monte Cowles, for petitioner.

KOHLSAAT, District Judge. This matter comes before me upon the petition of Frank Eberle for release upon habeas corpus from the custody of the sheriff of Henderson county, Ill. The petition shows the following facts: Petitioner is a citizen of the state of Iowa, and resides therein. He is a member of, and stockholder in, the Crystal Lake Club, an Illinois corporation authorized to acquire and own real estate in Illinois, and to use the same as a game and fish preserve, the charter of which corporation grants to the mem-

bers thereof the sole right and authority to hunt and fish on the lands owned by it. Subsequent to the incorporation of the club, the legislature of this state passed a law regulating the manner and seasons in which hunting and fishing should be pursued in this state, in which the privileges of residents of this state were distinguished from those of nonresidents, in that the latter were required to pay a license fee of $10, which license fee was not required of residents. Petitioner was hunting upon land belonging to the club during the season when residents were permitted to hunt, when he was arrested upon a criminal capias, upon the charge of being a nonresident and hunting without a license. At the trial he was adjudged guilty of the said violation of the statute, and was sentenced to pay a fine of $25 and costs, and to stand committed until the same was paid. He is now in custody in pursuance of said sentence and judgment. Petitioner alleges that he was hunting upon land belonging to himself and the other members of said club jointly; that the part of the statute under which he was found guilty and sentenced is illegal and void, as being in contravention of the constitution of the United States, and especially of section 2 of article 4 of the federal constitution, which provides that "the citizens of each state shall be entitled to all the privileges and immunities of citizens of the several states," and section 1 of the fourteenth amendment to said constitution, which provides that "no state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States, nor shall any state deprive any person of life, liberty or property without due process of law, nor deny to any person within its jurisdiction the equal protection of the laws."

The decision of this matter depends upon the nature or status, under our laws, of animals feræ naturæ, and the rights which individuals, whether citizens and residents or nonresidents, may have therein or thereto. In the case of Geer v. Connecticut, 161 U. S. 519, 16 Sup. Ct. 600, 40 L. Ed. 793, this matter is quite elaborately treated, and the right of a state to regulate and control the manner in which wild game may be appropriated by individuals is sustained upon two grounds: (1) The sovereign ownership of animals feræ naturæ by the state in trust for the benefit of its citizens; and (2) the police power of the state, which flows from its duty to preserve for its people a valuable food supply. In this case is cited with approval the case of Magner v. People, 97 Ill. 320, which is the leading Illinois case upon the question. In the latter case it is held, without qualification, that there are no individual property rights in wild animals within the state; that:

"To hunt and kill game is a boon or privilege granted, either expressly or impliedly, by the sovereign authority, not a right inhering in each individual; and consequently nothing is taken away from the individual when he is denied the privilege, at stated seasons, of hunting and killing game. * * * The ownership of the sovereign authority is in trust for all the people of the state, and hence, by implication, it is the duty of the legislature to enact such laws as will best preserve the subject of the trust, and secure its beneficial use in the future to the people of the state. But in any case the question of individual enjoyment is one of public policy, and not of private right."

In the case of People v. Bridges, 142 Ill. 43, 31 N. E. 118, it is said:

"We think the rule will not be questioned that a general statute regulating the killing of game, or restricting the right to kill it to certain portions of the year, applies as well to the game which a particular landowner may chance to find on his own premises as to that which may be found on the land of others, or upon lands belonging to the public."

But petitioner says he is not challenging this right of the state; that, admitting that the state has this power, yet he, as a landowner, cannot be placed on a different footing with respect to hunting game on his own premises from other landowners, simply on the ground that they are residents and he is a nonresident; and that the attempt to thus discriminate against him deprives him of the equal protection of the laws of this state. I find that petitioner has not brought himself within the rule he seeks to invoke. In his petition he states that he is a member of, and stockholder in, an Illinois corporation, which corporation is the owner of the land on which he was hunting at the time it is alleged he violated the statute. Without, therefore, determining whether a nonresident landowner would be relieved from the provision of the statute in question when shooting wild game upon his own premises, I deny the petition on the ground that the allegations thereof do not entitle petitioner to the relief prayed.