INTERNATIONAL ASSOCIATION OF MACHINISTS UNION NO. 1486 ET AL V. FEDERATED ASSOCIATION OF ACCESSORY WORKERS ET AL.

No. 7350. Decided June 28, 1939.
Rehearing overruled October 11, 1939.
(130 S. W., 2d Series, 282.)

*Sewall Myer,* of Houston, for plaintiff in error.

*Fulbright, Crooker & Freeman, Chas A. Perlitz, Jr., Oscar Wren* and *Whitfield H. Marshall,* all of Houston, for defendant in error.

MR. JUDGE HICKMAN delivered the opinion of the Commission of Appeals, Section A.

Defendants in error, except Beard and Stone Electric Company, intervenor, filed this suit in the trial court against plaintiffs in error for a permanent injunction restraining plaintiffs in error from picketing the establishment of Beard and Stone Electric Company; from congregating or assembling in the vicinity thereof; from injuring or making threats of violence against them, or any of them, and from in any manner intimidating, harassing or attacking them. Pending the trial of the case on its merits they sought and were granted a temporary injunction in accordance with the prayer of their petition. An appeal from the order granting the temporary injunction was prosecuted by plaintiffs in error to the Court of Civil Appeals, which court affirmed the trial court's judgment, thereby leaving the temporary injunction undisturbed. 109 S. W. (2d) 301.

After the application of plaintiffs in error for a writ of error was granted, and while the case was pending here, defend-

ants in error filed in the trial court a motion to dismiss the cause, which motion was granted, and an order was entered dismissing same.

Defendants in error have filed a motion in this Court praying that the appeal herein be dismissed. That motion was submitted along with the case. Plaintiffs in error contest the motion and say that, in lieu of the order sought by defendants in error, this Court should enter its order dissolving the temporary injunction "and then dismiss this appeal and tax all costs * * * against the defendants in error." As we view the case, neither party has prayed for the order which it is the duty of this Court to enter. The motion to dismiss the appeal is accordingly overruled.

■■ While the trial court lost jurisdiction of the temporary injunction when the appeal therefrom was duly perfected, it did not lose jurisdiction of the main case then pending in that court. It acted well within its powers in dismissing the cause upon motion of defendants in error. Since the temporary injunction by its terms, and by operation of law as well, could not continue in force after the main case was finally disposed of, the effect of the order of the trial court dismissing the main case was to terminate such injunction. The whole basis upon which it rested was removed and it automatically ceased to exist. The case before this Court, that is to say, the temporary injunction case, has therefore become moot. No temporary injunction exists, and it follows that the question of whether it was rightfully issued is but an abstract question of law with which this Court will not deal.

■ The rule has been long established in this jurisdiction that, when a case has become moot, the proper order to be entered by the appellate court is one dismissing the case, and not one dismissing the appeal. To dismiss the appeal would be to leave undisturbed the judgment of the lower court and thereby, in effect, affirm same without according to the appealing parties a hearing upon the merits of their appeal. McWhorter v. Norchcutt, 94 Texas 86, 58 S. W. 720; Thompson v. Seale, 122 Texas 160, 53 S. W. (2d) 764; Sterling v. Ferguson, 122 Texas 122, 53 S. W. (2d) 753; Taylor v. Nealon et al, 132 Texas 60, 120 S. W. (2d) 586; Iles v. Walker, 132 Texas 6, 120 S. W. (2d) 418; Cisco Independent School District v. Dudley, 53 S. W. (2d) 639.

This case falls within the general rule. While the main case has not come before us, a case, that is the temporary injunction case, has come before us, and, since that case has

become moot, it should be disposed of just as any other moot case. All costs accruing in the case before us in all courts will be taxed against defendants in error, who were plaintiffs and intervenor in the trial court.

The case is dismissed.

Opinion adopted by the Supreme Court June 28, 1939.

Rehearing overruled October 11, 1939.