## BROTHERHOOD OF RAILROAD TRAIN-MEN et al. v. MARTIN.

### No. 11374.

Court of Civil Appeals of Texas. Galveston.
March 26, 1942.

Rehearing Denied April 16, 1942.

W. A. Endle, of Cleveland, Ohio, Grimm, Elliott, Shuttleworth & Ingersoll, of Cedar Rapids, Iowa, and Charles Murphy, of Houston, for appellants.

Fulbright, Crooker, Freeman & Bates and John H. Crooker, all of Houston (John H. Crooker and Kraft W. Eidman, both of Houston, of counsel), for appellee.

GRAVES, Justice.

This appeal, brought here pursuant to Subdivisions (c) and (d) of Rule 385, Texas Rules of Civil Procedure, is from an order of the 56th District Court of Galveston County overruling the several pleas of privilege of some 13 of these appellants to be sued in various counties of their domiciles elsewhere, and granting the appellee a temporary injunction against them all, running in material substance as follows: "The defendants (appellants here) individually and jointly, are hereby in all things restrained, enjoined and prevented from taking any action, individually or collectively, that may or will have the effect of depriving the plaintiff, R. H. Martin, of or prevent him from exercising his rights and status as a conductor on those runs operated by the I-G. N. or M. K. T. Railroads over the G. H. & H. Railroad between Galveston and Houston, Texas, on which he is entitled to act and serve as a conductor by reason of his seniority rights acquired on the G. H. & H. Railroad and under the terms of the agreement of November 18, 1920, of the four principal operating Railroad Brotherhoods, recogniz-

ing plaintiff's said prior rights and seniority rights, as modified by the rulings of said Brotherhoods on March 4, 1932, and December 28, 1934, said temporary injunction hereby granted to remain in full force and effect pending the final decision of this case or until changed by further order of this or some other court of competent jurisdiction."

The pleas of privilege were in statutory form, were likewise properly contested by the appellee, and the quoted writ was granted after due notice to all parties and a full hearing of evidence adduced by the appellee, none of the appellants having offered any.

Eight of such pleas against the venue were filed by those appellants on August 18 of 1941, coincidentally with the filing of answers by them to the appellee's suit; the remaining five pleas of privilege were filed later, on October 8 of 1941.

The appellee's suit, which sought temporary relief only, as so awarded him, to adopt this part of the statement from the appellee's brief, "named as defendants two of the principal Railroad Brotherhoods (Conductors and Trainmen), various local lodges or divisions of each at different points on the M. K. T., I-G. N., and G. H. & H. Railroads, as well as the general chairman of the grievance committees of both on the M. K. T. and I-G. N. for the respective divisions of those roads, which include the G. H. & H. trackage between Galveston and Houston, and certain individual conductors and trainmen, whose alleged rights were claimed to conflict with appellee's rights, and who, together with the general chairman, were alleged to be representative of the classes of conductors and trainmen whose rights might be affected; two of the defendants—Local Lodge No. 451, Brotherhood of Railroad Trainmen (hereafter called B.R.T. for brevity), and Local Division No. 659, Order of Railway Conductors of America (hereafter called O.R.C. for brevity)—had their domicile in Galveston County, Texas. A temporary restraining writ of injunction was issued by the trial court ordering the defendants to appear on August 18, 1941, and show cause why a temporary injunction should not be granted. A temporary restraining writ of injunction was served promptly on the Galveston County defendants, Local Lodge No. 451, B.R.T., and Local Division No. 659, O.R.C., and return showing such service was properly made and filed with the Galveston District Court, 56th Judicial District of Texas."

On November 26 of 1941, all the pleas of privilege and the appellee's application for temporary injunction were heard jointly, by agreement of the parties, and the appeal has been likewise presented by joint action, through one record, submitting to this court for review the two separate and distinct interlocutory orders.

Without undertaking to appraise all of appellants' contentions accurately upon either order, it may be said that their main points on appeal are:

First, that the trial court erred in overruling the several pleas of privilege of the appellants (Points One to Thirteen, inclusive).

Second, the trial court abused its discretion in granting the temporary injunction (Points Fourteen to Twenty-four, inclusive).

In inveighing against the injunctive writ, however, appellants seem to regard the present cause as a recrudescence of two prior litigations between some of the same parties and involving some of the relationships with which the case now at bar has to do, as shown by this recitation in their brief: "This is the third appeal of this cause from the said district court", referring to two prior decisions of this court in cases styled and reported, respectively, as Brotherhood of Railroad Trainmen v. Price, Tex.Civ.App., 108 S. W.2d 239, and Brotherhood of Railroad Trainmen v. Price et al., Tex.Civ.App., 126 S.W.2d 74. They further appear to misconstrue the quoted injunctive order issued herein against them, wherein they interpret it as, "granting an injunction order to the appellants to do and perform for appellee Martin greater service and benefits than the appellee could have secured or obtained from the organization if he had been a member, as in the case where the appellee as a member of an organization occupies seniority rights to employment on the M. K. & T. as a brakeman could not have or expect to have rights as a conductor"; whereas, the appealed-from order did not, in terms at least, undertake to require the appellants to do or perform anything for the appellee, other than to refrain from interfering with his claimed right to work for or on the G. H. & H. Railway as a conductor, which status and opportunity the trial court found he had.

Neither, it is thought, do the two cited decisions of this court in the former litigations have anything material to do with the simple issue on its merits of the present controversy—that is, were the appellants interfering with an established right of the appellee to work as a conductor upon the G. H. & H. Railway, in accordance with a recognized status of that sort between him and the Railway Company, which the Railway Company was willing to recognize and honor, but for the effectively preventive interference by the appellants, or some of them?

Indeed, the appellee, in his turn, in responding to appellants' stated insistence that the same issues are now again involved as between the parties here that were determined adversely to the appellee and in favor of the appellants in those two former cases, makes this reply: "While counsel for appellants apparently agrees that the appellate court did not decide the merits of the previous controversies, appellee Martin, for all purposes in this suit, agrees to and has accepted the contention made in those controversies by the Brotherhoods, and therefore the question of whether the instrument dated November 18, 1920, was a ruling or a contract, becomes immaterial—as do all other questions decided in the two earlier cases."

■ This court agrees that the two prior decisions, in the first of which there was a reversal solely for the lack of necessary parties, and in the second rendition upon a single holding that the appellees there had not pursued their remedies within the Brotherhood, have now no material relevancy here; both of those controversies having been between members of the same Brotherhood, which relationship does not exist in this instance.

As indicated, the sole questions here are whether any of the pleas of privilege were wrongfully overruled, and whether the trial court abused a sound judicial discretion in issuing against all of these appellants the quoted order of injunction.

So regarding the reaches of the appellate review, and undertaking to hear the appeal on the bill and answer and such affidavits and evidence as were admitted by the court below, as required by Subdivision (d) of cited Rule 385, this court is unable to find fault with the ruling made below upon either order.

■ Indeed, the controverting affidavits interposed in opposition to the various pleas of privilege are held to have cited statutes which properly permitted the laying of the venue against all of the appellants in the district court of Galveston County, to-wit: Subdivisions 23, 27, 29a, and 30, of R.S. Article 1995, Vernon's Ann. Civ.St. Art. 1995, subds. 23, 27, 29a, 30, also R.S. Articles 4656 and 6133.

This appellee sued the two main Brotherhoods, the B.R.T. and the O.R.C., along with their various local lodges or divisions at different points on the M. K. & T., I-G. N., and G. H. & H. Railroads, as well as the chairmen of their grievance committees and other agents and functionaries, charging them with having jointly, severally, in concert, singly, and wrongfully interfered with and prevented his exercise of a seniority right he had many years had to work as a conductor on the G. H. & H. Railway trains operating between Houston and Galveston; that, but for such interference, which was especially employed by these Brotherhoods and their officers and agents in April of 1941, he would have been awarded a job on a switching crew at Ellington Field in Harris County as a conductor, which had been tendered him by the Railway; that subsequently other jobs opened up at Ellington Field, which otherwise would have been likewise available to him, but through the joint and several and wrongful interference by the appellants against him, these jobs also were denied him; that the G. H. & H. and M. K. & T. Railroads raised no question concerning appellee's status as a conductor, they being satisfied with his work and standing as such and willing to give him the job, but that the labor organizations represented by the appellants were fighting it; that such protests by the appellants in fact had kept him from so working as a conductor, and that, had it not been for those efforts upon their part in opposition to him, the Railroads would have continued to recognize his seniority right to so work, as they had done for many years following the ruling or decision known as the contract or agreement of November 18 of 1920.

Furthermore, and more fully differentiating the situation reflected from this record and that obtaining in the two prior controversies cited supra, this dispute was not one between members of the appellant-

orders, or any of them, since this appellee had not been a member thereof for more than three years when it arose.

■ Preliminarily to issuing the challenged order, the trial court heard full evidence from the appellee, both documentary and oral, the appellants having offered none at all, covering the whole gamut of his status and service with the railroads referred to; and, while it stated no findings of fact nor conclusions of law other than those recited in the decree, it plainly therein found as a fact that appellee did have the status and enjoy the rights of a conductor on those runs operated by the I-G. N. and M. K. & T. Railroads over the G. H. & H. trackage between Galveston and Houston; that he was entitled—substantially as alleged by him—to act and serve as a conductor, pursuant to the seniority rights to such service that had persisted in him under the terms of the November 18 of 1920 agreement down to and through this controversy; that the four principal Railroad Brotherhoods and their subordinate locals and divisions had always so recognized, and still did; that all these appellants, likewise in substance as charged by the appellee, had overridden those rights, and had done so through their various officers and agents, two subordinate lodges of which, to-wit, Local Lodge No. 451 of B.R.T., and Local Division No. 659 of O.R.C., had their domiciles in Galveston County.

There was evidence sufficient to support each and all of these findings, and none contradicting.

All of these appellant Brotherhoods were shown to be unincorporated joint stock associations, such as cited Article 1995, Subdivision 23, and Articles 4656 and 6133, deal with; two of them, as indicated, had their domiciles in the county of the suit, and there was testimony that they all acted together to the end of preventing the appellee from getting or retaining a conductor's job with the Railroads that so recognized his right to and would have employed him in it but for such interference.

Under these facts, the cited statutes authorized the filing of the suit in Galveston County: American Rio Grande Land & Irrigation Co. v. Karle, Tex.Civ.App., 237 S.W. 358, writ dismissed; Brotherhood of Railroad Trainmen v. Cook, Tex.Civ.App., 221 S.W. 1049, writ refused; Eastern States Petroleum Co. v. Texas & N. O.

R. Co., Tex.Civ.App., 114 S.W.2d 408, writ dismissed; International & G.N.R. Co. v. Anderson County et al., Tex.Civ.App., 150 S.W. 239, affirmed 106 Tex. 60, 156 S.W. 499; Kansas Life Ins. Co. v. First Bank, Tex.Civ.App., 47 S.W.2d 675, affirmed 124 Tex. 409, 78 S.W.2d 584; St. Louis Southwestern R. Co. v. Thompson, Tex.Civ. App., 192 S.W. 1095, writ refused; Uvalde Rock Asphalt Co. v. Asphalt Belt R. Co., Tex.Com.App., 262 S.W. 736.

Similar considerations control the injunction part of the order.

■ Appellants insist, despite the trial court's findings to the contrary on sufficient evidence, that the appellee was not shown during any part of his 31 years of train service (he having gone to work for the G. H. & H. on August 21 of 1911) to have gone higher or been other than a brakeman; that appellant Grand Order of Conductors of America alone "regulated and controlled the employment of conductors, and the appellee was not and never had been a member of the Order of Railroad Conductors", hence "it was an error for the trial court to order the Railroad Conductors to use, place, and recognize the appellee as a conductor."

As against the trial court's uncontroverted finding that the appellee had been a conductor, as recited supra, so accepted and employed as such by the railroads affected, this view seems at most, since none of the Railroads were parties to this action, to go into relationships in nowise here involved—that is, to constitute res inter alios acta, to which appellee was not even claimed to be a privy, he having been admittedly without the pale of membership in any of the appellant Brotherhoods; indeed, those organizations all apparently (under the evidence here) proscribed him as a conductor because, they claimed, he neither then nor ever had had with themselves any status except that of a brakeman.

■ Just how, therefore, the appellants could be legally aggrieved because the trial court found, on evidence they did not controvert and which this court deems to have been a sufficient support, that the Railroads did, in recognition of the appellee's long service with them, both recognize and underwrite him as a conductor and as entitled to prior claims upon service as such with them, does not readily occur.

To the contrary, on such uncontroverted findings below, it seems clear to this court that if the appellants did in fact so interfere with the appellee's exercise of his established standing and opportunities for employment at the hands of the Railroad he had so long to its satisfaction served, they were enjoinable—at least, under the showing here made, on temporary order; these authorities are thought to fully support that conclusion: Blaser v. Linen Service Corp., Tex.Civ.App., 135 S.W.2d 509; International Ass'n v. Federated Ass'n., Tex.Civ.App., 109 S.W.2d 301; Id., 133 Tex. 624, 130 S.W.2d 282; Nagy v. Bennett, Tex.Civ.App., 24 S.W.2d 778, writ refused; Rosenfield v. Seifert, Tex. Civ.App., 270 S.W. 220; Southwestern Greyhound Lines v. Railroad Commission of Texas, 128 Tex. 560, 99 S.W.2d 263, 109 A.L.R. 1235; Sutherland v. Winnsboro, Tex.Civ.App., 225 S.W. 63; Union Transfer & Storage Co. v. Greve, Tex.Civ.App., 131 S.W.2d 796; Corpus Juris, Vol. 63, Trade Unions, § 90; Tex.Jur., Vol. 3, Appeal and Error, Civil cases, Sec. 728; Tex. Jur. Vol. 24, Injunctions, Secs. 136, 250, and 253.

Further discussion is deemed unnecessary, since these conclusions determine the merits of the appeal; they require an affirmance of the appealed-from order in toto; it will be so ordered.

Affirmed.