## BROWNSVILLE SHRIMP CO. et al. v. MILLER et al.

### No. 11930.

Court of Civil Appeals of Texas. Galveston.

Nov. 20, 1947.

Rehearing Denied Dec. 18, 1947.

912

Faulk, Sharpe & Cunningham, of Brownsville, for appellants Brownsville Shrimp Co., Inc. and others.

Masterson & Pope, of Angleton, for appellants B. T. Miller and others.

Masterson & Pope, of Angleton, for appellees B. T. Miller and others.

Wood & North, of Corpus Christi, and Nussbaum, Piperi & Licata, of Galveston, for appellee Depuglio.

GRAVES, Judge.

The suit was filed by seven citizens of Texas, as resident commercial-fishermen of Texas, and also in behalf of others similarly situated, against 10 defendants, residents of Texas, seven of whom are appellants here, to restrain all ten defendants from (allegedly illegally and in violation of law) operating the boats claimed by such defendants in Texas coastal waters, for the commercial-catching of shrimp and fish.

Appellees' suit, as plaintiffs, sought only injunctive relief, alleging, among other things, that the boats claimed by appellants were in truth and fact actually owned by non-residents of Texas, that such boats had not been registered in Texas for the 12 months required to become resident boats, that such boats had only the $3.00-resident boat-license and not the $2,500.00 non-resident boat-license; that such boats were removing, illegally, from Texas tidal or coastal waters enormous quantities of shrimp, and were thereby seriously depleting and destroying the supply of marine-life, which plaintiffs and others similarly situated were properly authorized to catch, all of which caused special and peculiar damage to the plaintiffs, for which they had no adequate remedy at law.

On June 18, 1947, the Trial Court granted the temporary injunction against appellants, as so sought by the appellees.

No findings-of-fact nor conclusions-of-law were requested by either side, nor were any made or filed by the court in support of its judgment, except those expressly embodied therein, the most material ones of which were these: First: That the boats so used by the appellants, some 35, more or less, large ones, used for commercial-shrimping and fishing, had been registered in Texas less than 12 months prior to the filing of this suit; Second: That such boats were not, in fact owned by appellants themselves, but were owned by non-residents of Texas; Third: That such boats had only the $3.00-resident boat-license and did not have the $2,500.00 non-resident boat-license, as respectively required by Articles 934a and 934b—1, Vernon's Penal Code of Texas, as amended; Fourth: That they had been, while so operating, in violation of such statutory law, depleting and destroying in great quantities, the supply of shrimp and other marine-life in the coastal tide-waters of Texas, and, in so doing, had interfered with the appellees in their law-

ful occupation—as bona fide residents—of catching shrimp in such waters, and also had specially damaged their boats, nets, gear, and other fishing-apparatus and equipment; Five: That, consequently, the appellants had been so operating in such waters without proper licenses, thereby injuring and damaging the appellee's boats, tackle, and shrimping-operations, specifically visiting thereby special injury and damage upon them.

This Court, upon consideration of the record, which is greatly extended, the trial court having heard evidence touching all phases of the controversy, is unable to hold that any abuse of judicial discretion has been shown upon the appeal.

█ In the first place, as indicated, in the absence of findings-of-fact or conclusions-of-law, it is conclusively presumed here not only that the trial court resolved every issuable-fact in such way as to support its judgment, but also that the evidence must be reviewed in the light most favorable to the appellees. Weems v. Stewart, Tex.Civ.App., 192 S.W.2d 935, 936; Trigg v. Fambro, Tex.Civ.App., 184 S.W.2d 666, 667; Machicek v. Renger, Tex. Civ.App., 185 S.W.2d 486, 487.

That being true, the cause, on review here, is seemingly reduced to a consideration wholly of whether the law, as reflected by the cited statutes, upon which the appellees so predicated their suit below, validly gave them the rights they so claimed thereunder; in other words, whether or not such statutes so prescribing $3.00-license-fees against resident-fishing-boats, and $2,500.00-license-fees against non-resident fishing boats, were constitutional.

The appellants attack both statutes upon a number of grounds, contending that they are in contravention of both the Texas and the U. S. Constitutions, particularly art. I, Sections 3, 19, & 26 of the former, Vernon's Ann.St., and art. I, Section 8, and art. IV, Section 2, as well as the Fourteenth Amendment, of the latter.

█ But this Court, on a consideration of the question, is not prepared to hold either of the two statutes so declared upon by the appellees to be violative of either constitution, as thus claimed by appellants.

Without extended discussion, these authorities are cited as fully upholding that conclusion: Article 4026, R.C.S. 1925; McCready v. Virginia, 94 U.S. 391, 24 L.Ed. 248; Raymond v. Kibbe, 43 Tex.Civ.App. 209, 95 S.W. 727; Stephenson v. Wood, 119 Tex. 564, 34 S.W.2d 246; Tuttle v. Wood, Tex.Civ.App., 35 S.W.2d 1061; Ex parte Blardone, 55 Tex.Cr.R. 189, 21 L.R.A.,N.S., 607, 115 S.W. 838; 24 Am.Jur. 386; 22 Am.Jur. 692; 19 Tex.Jur. 694; 61 A.L.R. 338; Geer v. Connecticut, 161 U.S. 519, 16 S.Ct. 600, 40 L.Ed. 793, 794, 796; La Coste v. Department of Conservation, 263 U.S. 545, 44 S.Ct. 186, 68 L.Ed. 437, 438; Patsone v. Pennsylvania, 232 U.S. 138, 34 S.Ct. 281, 58 L.Ed. 539, 543; People v. Setunsky, 161 Mich. 624, 126 N.W. 844; State ex rel. Ohsman & Sons Co., Inc. v. Starkweater, 214 Minn. 232, 7 N.W.2d 747; Lubetich v. Pollock, D.C., 6 F.2d 237; Thomson v. Dana, D.C., 52 F.2d 759; Toomer v. Witsell, D.C.S.C., Sept. 1947, 73 F.Supp. 371.

Indeed, our cited statute, art. 4026, wherein it is declared: "all that part of the Gulf of Mexico within the jurisdiction of this State, together with their beds and bottoms, and all of the products thereof, shall continue and remain the property of the State of Texas, except in so far as the State shall permit the use of said waters and bottoms, or permit the taking of the products of such bottoms and waters, and in so far as this use shall relate to or affect the taking and conservation of fish, oysters, shrimp, crabs, clams, turtle terrapin, mussels, lobsters and all other kinds and forms of marine life," seems to embody the same bedrock, upon which the courts everywhere, State and Federal, have grounded their holdings that the State has a right in such an instance, in proper pursuit of its own policy for its immediate citizens, to prescribe these two widely-variant license-charges, respectively, against residents and non-residents, there by widely discriminating against the latter in favor of the former. Raymond v. Kibbe, 43 Tex.Civ.App. 209, 95 S.W. 727; McCready v. Virginia, 94 U.S. 391, 24 L. Ed. 248; 22 Am.Jur. 666; Stephenson v. Wood, 119 Tex. 564, 34 S.W.2d 246; 15 C.J.S., Commerce § 29; State v. Gallop, 126 N.C. 979, 35 S.E. 180; Commonwealth v. Hilton, 174 Mass. 29, 54 N.E. 362, 45

L.R.A. 475; People v. Crane, 214 N.Y. 154, 108 N.E. 427, L.R.A.1916D, 550, Ann.Cas. 1915B, 1254; Raymond v. Kibbe, supra; Bayside Fish Flour Co. v. Gentry, 297 U.S. 422, 56 S.Ct. 513, 80 L.Ed. 772; Ex Parte Gilletti, 70 Fla. 442, 70 So. 446; Tuttle v. Woods, Tex.Civ.App., 35 S.W.2d 1061; Gustafson v. State, 40 Tex.Cr.R. 67, 48 S.W. 518, 43 L.R.A. 615; Los Angeles County v. Craig, 38 Cal.App.2d 58, 100 P.2d 818; 46 U.S.C.A. Chapter 2, Registry and Recording; 46 U.S.C.A. Chapter 12, Vessels in Domestic Technical Commerce; Ex parte Blardone, 55 Tex.Cr.R. 189, 115 S.W. 838, 21 L.R.A.,N.S., 607; The Yuri Maru, D.C., 17 F.2d 318, 320; 48 Am.Jur. 18; Article 4361; Article 2955; 24 Am.Jur. 386; 22 Am.Jur. 692; 19 Tex.Jur. 694; In re Eberle, C.C.Ill., 98 F. 295; Cummings v. People, 211 Ill. 392, 71 N.E. 1031; State v. Ashman, 123 Tenn. 654, 135 S.W. 325; 61 A.L.R. 338; Geer v. Connecticut, 161 U.S. 519, 16 S.Ct. 600, 40 L.Ed. 793, 794, 796; La Coste v. Department of Conservation, 263 U.S. 545, 44 S.Ct. 186, 68 L.Ed. 437, 438; Patsone v. Pennsylvania, 232 U.S. 138, 34 S. Ct. 281, 58 L.Ed. 539, 543; State ex rel. Ohsman & Sons Co., Inc. v. Starkweather, 214 Minn. 232, 7 N.W.2d 747; People v. Setunsky, 161 Mich. 624, 126 N.W. 844; Lubetich v. Pollock, D.C., 6 F.2d 237; Toomer v. Witsell, D.C., 73 F.Supp. 371; Manchester v. Commonwealth of Massachusetts, 139 U.S. 240, 11 S.Ct. 559, 35 L.Ed. 159; State of Louisiana v. State of Mississippi, 202 U.S. 1, 52, 26 S.Ct. 408, 50 L.Ed. 913.

The appellees, by cross-appeal herein against Vincent Depuglio, one of the ten original defendants against whom they had sought, along with the appellants, the temporary-injunction awarded them, contend that he too, though a resident of Texas, should likewise have been enjoined in their favor on their claim that his eleven boats had not been registered in Texas for twelve months, hence constituted non-resident ones, and were required to have non-resident boat-licenses to operate them.

■ But, as to this presentment, they are held to have been "hoist on their own petard," in that the presumed findings they so invoked against the appellants were likewise operative against themselves as to Depuglio's boats; because, the trial court found, in response to at least some supporting evidence, that he and his boats were residential in Texas, to wit: "I find that the defendant, Depuglio, is and has been for many years a resident of Texas, and has had a place of business in the State for more than twelve months and has engaged in the use of fishing boats on the Texas Coast. That he paid a substantial part of the consideration for said boats, and while he has given a demand note and mortgage on said boats to secure the balance of the purchase money and may be intending to pay the balance of it from the earnings of the boats, yet he is a bona fide owner of said boats and has had a place of residence in the State for more than twelve months, bringing him entitled to a resident fishing boat license. Judgment is entered on his motion and the temporary injunction as to him is denied. * * *

"The motions of all defendants, except the defendant, Depuglio are overruled, and the temporary injunction as to all other defendants is granted, so as to retain the status quo, pending final disposition of this cause, upon Plaintiffs executing bond as required by law in the amount of $10,000."

There was, therefore, no abuse of the court's discretion in this respect either. 24 Texas Jurisprudence, p. 313, No. 253; 28 American Jurisprudence, p. 230, No. 35.

■ The pleas-of-privilege of the several appellants were properly overruled, contrary to their contention herein, because the appellees both sought and obtained against them only injunctive-relief not incidental nor ancillary to any other declared-upon cause-of-action—no damages having been sought; hence, under the express provisions of art. 4656, Vernon's Tex.Civil Statutes, Revised, venue lay in this cause in Brazoria County, Texas; this for the controlling reason that one of the defendants originally sued along with-them, James Goodson, was undisputedly a resident of that County, and domiciled therein.

Had the main subject matter of the suit been other than one for injunctive-relief only, or had the injunctive-relief here sought been only ancillary, or incidental,

to some other major ground-of-action, the ordinary venue statute, R.S. art. 1995, would have controlled. 24 Tex.Jur. 162; Lindley v. Easley, Tex.Civ.App., 59 S.W. 2d 927; International & G. N. v. Anderson County, Tex.Civ.App., 150 S.W. 239, affirmed 106 Tex. 60, 150 S.W. 499; Brotherhood of Railroad Trainmen v. Martin, Tex.Civ.App., 161 S.W.2d 556.

Further arguing against the validity of P.C. Articles 934a and 934b—1, supra, the appellants cite and rely upon the recent decision of the Supreme Court of the United States, in United States v. California, 67 S. Ct. 1658, 91 L.Ed. ——, under substantially these specifications: "(1) in the light of the case of United States v. California, 67 S.Ct. 1658, 91 L.Ed. ——, the State of Texas has no jurisdiction to regulate fishing beyond its coastline; or (2) the State is limited to one marine league in such regulation; or (3) the State is limited to three marine leagues in any event in such regulation; and (4) since such waters from low mean tide outward do not belong to the State of Texas, it cannot discriminate among citizens of the United States of America, but must grant fishing rights on equal terms to all such citizens."

Without venturing an independent construction of the reaches of that decision, this Court rather takes the view of it thus expressed by the U. S. District Court, for the Eastern District of South Carolina, in the case styled Earl J. Toomer et al. v. J. M. Witsell et al., 73 F.Supp. 371, 374, through an opinion by U. S. Circuit Judge John J. Parker, to wit: "We come then to the principal question in the case, which is whether the statutes are void on the ground that the state has no such jurisdiction over the coastal waters within the three-mile maritime belt as would support such legislation. The question is raised because of the recent decision of the Supreme Court in United States v. California, 67 S.Ct. 1658; but, for reasons hereinafter set forth, we do not regard that decision as controlling, in the absence of any assertion of rights by the federal government. The power of the states over such waters and the fishing rights in them is well settled by a long line of decisions, and we do not understand that it was intended by the decision in the California case to overrule these or to question in any respect the law as declared by them. On the contrary the Court was at great pains in the California case to distinguish the cases which dealt with the power of the states over fishing in coastal waters.

\*  \*  \*  \*  \*  \*

"The United States has asserted its paramount authority with respect to oil, but no such authority with respect to fish or fishing; and we see no reason why we should not follow the well settled line of decisions which hold that, in the absence of action by the federal government, the power as to these rests in the several states. If these decisions are to be overruled, the matter is one for the Supreme Court and not for us.

\*  \*  \*  \*  \*  \*

"We come, then, to the second point made by plaintiffs, i. e., that the discrimination between residents and non residents in the amount of the license fee exacted is violative of the Privileges and Immunities clause of article IV of the Constitution and the Equal Protection clause of the Fourteenth Amendment. It is well settled, however, that these constitutional provisions do not require the state to accord equality of treatment to non residents and residents with respect to the taking of fish or animals feræ naturæ, the ownership of which is in the state for the benefit of its inhabitants."

These conclusions require an affirmance of the trial court's judgment in all respects, as rendered. It will be so ordered.

Affirmed.