Ex parte Robert J. WOOD, Relator.

No. 8182.

Court of Civil Appeals of Texas, Texarkana.

April 17, 1973.

Errol Friedman, Harkness, Friedman & Kusin, Texarkana, for relator.

John C. Hawkins, Jr., Raffaelli & Hawkins, Texarkana, for respondent Earl Sabo, Sheriff and intervenor.

CHADICK, Chief Justice.

This is a habeas corpus case authorized by Vernon's Tex.Rev.Civ.Stats.Anno. art. 1824a, filed as an original proceeding in this court.* The case is dismissed.

■ The record on file shows the contempt proceeding instituted in the trial court is civil in nature; that the contempt judgment prayed for and granted is reme-

dial and coercive. Civil contempt, as tersely defined in Corpus Juris Secundum, "consists in failing to do something ordered to be done by a court in a civil action for the benefit of an opposing party therein." See 17 C.J.S. Contempt § 6; 12 Tex.Jur.2d Contempt, Sec. 3, and 17 Am.Jur.2d Contempt, Sec. 4.

■ Further, it appears that the trial court dismissed the contempt proceeding before the return date of the writ issued by this court. Dismissal of the contempt proceeding abated the trial court's contempt judgment. No Texas case precisely in point has been found that supports the conclusion stated. However, considering the analogy between this and the same question

---

* Since habeas corpus proceedings in Courts of Civil Appeals should, logically, follow the practice established by the Supreme Court, for the convenience of the Bar, and to expedite applications, the following is extracted from Greenhill and Beirne, Habeas Corpus Proceedings in the Supreme Court of Texas, 1 St. Mary's Law Journal (Spring, 1969) :

"This point should be remembered: counsel cannot come to Austin and have his client released on bond while he prepares and assembles the necessary records and briefs the law or while it is being done for him. The hearing is * * * roughly equivalent to the formal presentation of the case to the entire Court. At this hearing, counsel must have the certificate stating that the client is in jail, the copy of the orders violated, the judgment and order of commitment, and the statement of facts if the release depends upon testimony. At the hearing, counsel will generally be asked if he has authorities authorizing or requiring the release of his client under the circumstances. It is therefore highly desirable to bring a brief in support of the application, or at least to be prepared to cite and discuss relevant authorities.

* * * * *

"The most important items which should be brought to the Court are:

1. A motion for leave to file the application. 2. The application for writ of habeas corpus, setting out the facts and clearly giving the reason or reasons why the Relator is being illegally restrained and should be released. 3. A brief in support of the application, setting out any relevant constitu-

tional or statutory provisions and the cases which support the alleged grounds of illegal restraint. 4. A filing fee of ten dollars. An additional fifteen dollar fee will be required if motion for leave is granted. See Rule 485 of the Texas Rules of Civil Procedure. It is suggested that these matters be checked with the clerk of the Court before coming to Austin. If a pauper's oath is to be used, the proper procedure might also be checked with the clerk. 5. Proof that the Relator is illegally restrained. 6. A transcript of relevant orders, judgments and commitment. 7. A transcribed statement of facts or agreed statement of facts in cases in which one will be required. 8. Provision for an adequate bond in the event the writ is granted. * * * There must be proof that the Relator is actually in jail. A letter, certificate or wire from the sheriff stating this is generally acceptable. * * * The transcript must include a verified or authenticated copy of the order of the court out of which the alleged contempt grew; i. e., the order which has been violated. The transcript must also include the judgment or order of contempt. * * * In such a case, or in a similar case, a complete transcript of all relevant hearings, orders and judgments should be brought to the Supreme Court so that the matters may be reviewed fully and without the delay which may be required to send for and bring previous orders and judgments. * * * A statement of facts is also required where the granting of the writ of habeas corpus turns upon factual evidence, such as the inability to perform an order. * * * "

in other cases, injunctions especially, the conclusion is inescapable. When the foundation of the contempt judgment ceased to exist, the order necessarily terminated. See International Ass'n of Machinsts v. Federated Ass'n of Accessory Workers, 133 Tex. 624, 130 S.W.2d 282 (Tex.Com.App., Opin. adpt.) ; 11 A.L.R.2d—Anno.—Dismissal or Nonsuit—Orders, 1411; 17 C.J.S. Contempt § 68; 17 Am.Juris.2d Contempt, Sec. 49.

■ The section of the trial court's contempt judgment committing relator to confinement also expired with dismissal of the contempt proceeding. As a matter of law, the order dismissing the contempt proceedings in the trial court dismissed and effectively countermanded the order of commitment, but since the dismissal order did not so state nor by apt words vacate the contempt judgment and order of commitment, some further comment is in order. For the guidance of the sheriff and other officials concerned, the commitment is now to be regarded as a nullity, and relator and his bondsmen are discharged from the obligations of the bail bond filed herein.