NATIONAL ART SERVICE CO., INC., d/b/a J. Brinkman's, Appellant,

v.

TEN TEN TRAVIS CORPORATION, Appellee.

No. B2615.

Court of Civil Appeals of Texas, Houston (14th Dist.).

June 3, 1981.

Eugene B. Wilshire, Jr., Jacalyn D. Scott, Bonham, Carrington & Fox, Houston, for appellant.

Arthur L. Forbes, Shapiro, Forbes & Cox, Houston, for appellee.

Before COULSON, PAUL PRESSLER and MURPHY, JJ.

MURPHY, Justice.

National Art Services Company, Inc., d/b/a J. Brinkman's appeals from an order granting a temporary injunction in favor of Ten Ten Travis Corporation.

On April 29, 1971 appellee, Ten Ten Travis Corporation (Ten Ten), leased to Southwestern Savings Association (now formed as United Savings of Texas) certain floor space in a building owned by appellee. Subsequently, Southwestern Savings Association entered into a subleasing agreement with appellant, National Art Services Company, Inc., d/b/a J. Brinkman's (Brinkman's), to lease a portion of Southwestern Savings' space. By virtue of the terms of the subleasing agreement, appellant's leasing period expired May 31, 1981.

On February 20, 1980, approximately fifteen months before the lease was to expire, Ten Ten sent notice of termination to Southwestern Savings Association notifying it that a demolition and renovation project necessitated early expiration of the lease and that all lessees had six months to vacate the premises. Southwestern Savings vacated the premises timely, however, Brinkman's continued to remain on the premises.

In September of 1980, one month after the six month termination period expired, Ten Ten served upon Brinkman's notice to vacate and thereafter filed a forcible entry and detainer suit in the justice of the peace court. Ten Ten, before termination of the forcible entry and detainer suit, filed its petition in the 152nd District Court of Harris County for the relief sought in the suit now being appealed. Generally, in its original petition Ten Ten prayed for: (1) a temporary restraining order to enjoin Brinkman's from occupying the leased premises; (2) damages; (3) a temporary injunction; and (4) a permanent injunction. A temporary restraining order was granted by the court conditioned upon Ten Ten giving a bond for one-hundred thousand dollars ($100,000.00), which bond was duly filed. Subsequently, the court granted the temporary injunction prayed for by Ten Ten, enjoining Brinkman's from occupying the premises in controversy and requiring the same bond which was duly filed and approved. It is from this order Brinkman's has brought forth this appeal.

Before reaching any of appellant's five points of error we conclude this interlocutory appeal must be dismissed for mootness. We are compelled to reach this conclusion for several reasons. First, the nature of appellee's demolition and/or renovation project has made Brinkman's leased space unsafe and unfit to be used for any private or commercial purpose and therefore it would be very impractical for this court to place Brinkman's back into possession. Additionally, the sub-lease under which appellant bases its right to remain on the premises expired by its own terms May 31, 1981. Therefore, any opinion by this court as to the enforceability and validity of the temporary injunction would be advisory only.

When an appeal is from an order granting a temporary injunction, and that part of the case becomes moot on appeal, "[t]he proper order is to set aside all orders pertaining to the temporary injunction and dismiss that portion of the case, leaving the main case still pending." *Guajardo et al v. Alamo Lumber Co.,* 159 Tex. 225, 317 S.W.2d 725, 726 (1958); *See also International Association of Machinists, Local Union No. 1488 et al. v. Federated Association of Accessory Workers et al,* 133 Tex. 624, 130 S.W.2d 282 (1939); *Service Finance Corporation v. Grote,* 133 Tex. 606, 131 S.W.2d 93 (1939).

In this opinion we are not deciding the issues remaining to be tried on the merits, specifically, whether the construction by appellee is a demolition or a renovation project or whether there was a breach of the lease. These are issues that can only be properly determined by the trier of fact at the trial on the merits.

Accordingly, we dismiss this appeal.