NO. 07-04-0225-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



AUGUST 16, 2004



______________________________




D. DEAN BOYD AND HUNTER, KALINKE AND BOYD, APPELLANTS



V.



NORTHWEST TEXAS HEALTHCARE SYSTEM, INC., D/B/A


NORTHWEST TEXAS HOSPITAL AND AMERICAN SOUTHWEST


INSURANCE MANAGERS, APPELLEES



_________________________________



FROM THE COUNTY COURT AT LAW NO. 2 OF POTTER COUNTY;



NO. 89829-00-2; HONORABLE PAMELA C. SIRMON, JUDGE



_______________________________



Before QUINN and REAVIS and CAMPBELL, JJ.

ON MOTION TO DISMISS


 Appellants, D. Dean Boyd and the law firm Hunter, Kalinke & Boyd, perfected an
appeal from a summary judgment granted appellees Northwest Texas Healthcare System,
Inc. and American Southwest Insurance Managers in a suit over an unsatisfied hospital
lien. Appellants have filed a motion to dismiss their appeal, asserting the parties have
entered a settlement agreement. We overrule the motion.

 Appellants' motion, relying on Rule of Appellate Procedure 42.1(a), asked this court
to "dismiss and abate the appeal and permit proceedings in the trial court to effectuate the
agreement." The motion was signed with the notation "agreed" by counsel for appellees.
Noting the Rules of Appellate Procedure allow us to dismiss an appeal, Tex. R. App. P.
42.1(a)(1), or abate an appeal, Tex. R. App. P. 42.1(a)(2)(C), but not both, we requested
clarification of appellants' motion. We also advised the parties that an abatement generally
will not cause a final disposition of an appeal, and that an order abating the appeal would
require that the case be returned to this court for final disposition following the further
action of the trial court.

 Appellants now have filed a clarification, which purports to be a joint motion to
dismiss, in which they again ambiguously seek to have us "dismiss the appeal and return
the case to the trial court for dismissal to effectuate the agreement." The motion is signed
only by counsel for appellants. We also have received a copy of another motion, signed
by counsel for appellees and apparently filed in the trial court, in which appellees state the
parties have reached settlement and pray the suit be dismissed with prejudice. 

 Our power to permit voluntary dismissal in a civil case is governed by Rule of
Appellate Procedure 42.1. When parties have entered an agreement during the pendency
of an appeal Rule 42.1(a)(2) authorizes one of three dispositions to implement the
agreement of the parties. We may render a judgment effectuating the parties' agreement,
set aside the trial court judgment and remand the case to the trial court for rendition of a
judgment in accordance with the agreement, or abate the appeal to permit the trial court
to effectuate the agreement. Each of those dispositions is predicated on a written
agreement, signed by the parties or their attorneys, and filed with the clerk. As clarified,
the parties' agreement calls for none of those dispositions.

 Under Rule 42.1(a)(1) a motion filed by an appellant authorizes us to "dismiss the
appeal or affirm the appealed judgment or order unless disposition would prevent a party
from seeking relief to which it would otherwise be entitled." The motion filed by appellants
does not provide sufficient information on which we can determine the effect of dismissal. 
Ordinarily, dismissal of an appeal has the effect of leaving the trial court's judgment in
force. Amwest Sur. Ins. Co. v. Graham, 949 S.W.2d 724, 727 (Tex.App.--San Antonio
1997, writ denied) (citing International Ass'n of Machinists v. Federated Ass'n of Accessory
Workers, 130 S.W.2d 282, 283, 133 Tex. 624 (1939)). If we were to dismiss the appeal,
appellants may be bound by a judgment they sought to negate by entering a settlement. 
Further, from all the documents presented to us, it appears that the parties may desire the
case, not simply the appeal, to be dismissed. If that is the parties' desire, this court may
render judgment vacating the trial court's judgment and dismissing the case, on the filing
of an agreement meeting the requirements of Rule 42.1(a)(2)(A). See Tex. R. App. P.
43.2(e). For these reasons, we overrule appellants' motion to dismiss without prejudice
to refiling a motion in conformity with the Rules of Appellate Procedure.

 

 Per Curiam 



line-height: 0.416667in">          Accordingly, the issue is overruled and the judgment is affirmed.
 
                                                                           Brian Quinn
                                                                          Chief Justice