**Order Vacated, Appeal Dismissed, and Memorandum Opinion filed October 27, 2020.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-19-00157-CV

---

## MSC GLEANNLOCH LLC, Appellant

### V.

## HARRIS COUNTY WATER CONTROL AND IMPROVEMENT DISTRICT NO. 119, Appellee

---

**On Appeal from the 129th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2019-03213**

---

## M E M O R A N D U M   O P I N I O N

This interlocutory appeal arises out of a contract dispute between a water services provider and a business customer. The customer, appellant MSC Gleannloch LLC brought suit against appellee Harris County Water Control and Improvement District No. 119, asserting breach of contract and seeking a declaratory judgment as well as injunctive relief. In this appeal, MSC Gleannloch challenges the trial court's denial of its application for temporary injunction. The

District urges this court to dismiss the appeal on the grounds that the parties' subsequent agreement has rendered moot any controversy based on uncertainty in the parties' contractual relationship or the threat that the District would terminate services. Concluding that the appeal is moot, we dismiss.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In 2008, Gleanloch Storage LLC entered into an agreement with the District under which the District was to supply water and waste disposal services ("2008 Agreement") to Gleanloch Storage's storage facility on Spring Cypress Road (the "Property"). The 2008 Agreement, which had an initial five-year term, included a provision in which the parties stated that the agreement would be binding on successors and assigns and a provision in which the parties stated that the agreement "shall not be assigned." In 2012, Gleanloch Storage and the District renewed their agreement for the same services, amending some terms, and otherwise incorporating the terms of the 2008 Agreement (the "2012 Agreement"). Among other changes to the 2008 Agreement, the 2012 Agreement provided for an initial twenty-year term and did not contain the "shall not be assigned" language. According to MSC Gleannloch, the contracting parties negotiated for the deletion of the "shall not be assigned" language in exchange for a change in the term of the contract from five years to twenty years and a cash payment of $50,000 from Gleannloch LLC to the District.

In 2018, Gleanloch Storage sold the Property to MSC Gleannloch and assigned MSC Gleannloch all of its rights under the 2012 Agreement. Later that year, the District voted to terminate the 2012 Agreement, and on July 18, 2018, notified MSC Gleannloch that its water supply and waste disposal services would be terminated on October 15, 2018, unless MSC Gleannloch entered into a new

2

"Water Supply and Waste Disposal Agreement" with new terms.[1]

MSC Gleannloch contacted the District about the District's obligations under the 2012 Agreement, and took the position that the District's plans to terminate services violated the terms of that contract. The District disagreed, taking the position that the 2012 Agreement was not assignable, and that Gleanloch Storage had no contractual right to assign the 2012 Agreement to MSC Gleannloch. Before the October 2018 termination date, the District extended the deadline for the termination of services until January 15, 2019, to give the parties time to negotiate and discuss potential resolutions. The day before the extended deadline was to run, MSC Gleannloch received notice that the District would shut off MSC Gleannloch's water and wastewater services.

The same day, MSC Gleannloch filed suit against the District, asserting breach-of-contract and declaratory-judgment claims. MSC Gleannloch also filed an application for temporary restraining order and temporary injunction, seeking an order enjoining the District "from terminating MSC Gleannloch's water and wastewater services." In the application, MSC Gleannloch alleged that the District was under a continuing contractual obligation to provide water and wastewater services, and that the District's termination of those services would cause irreparable harm to MSC Gleannloch. MSC Gleannloch asked the trial court to maintain the status quo by ordering the District to continue services until the court declared the parties' rights under the 2012 Agreement.

The assigned judge granted MSC Gleannloch's application for a temporary

---

[1] The record contains a copy of another water supply and waste disposal agreement signed by MSC Gleannloch on July 27, 2018 (the "2018 Agreement"). MSC Gleannloch did not mention this agreement in its trial court pleadings or briefs on appeal, and does not respond to the District's assertion that the agreement was effective between the parties if no other agreement was in effect at the time or that MSC Gleannloch "allegedly retracted" the 2018 Agreement when it sought to enforce the 2012 Agreement.

restraining order and set the temporary injunction hearing for January 22, 2019. When that day arrived, the trial court extended the temporary restraining order to January 28, 2019, and on that day the parties entered into an agreement under Texas Rule of Civil Procedure 11 whereby the District agreed to delay cutting off any water or wastewater services until February 11, 2019. Three days before the extended temporary restraining order expired, the trial court, without holding a hearing, signed an order denying MSC Gleannloch's application for temporary injunction.

MSC Gleannloch now challenges that ruling in this interlocutory appeal. In its sole appellate issue, MSC Gleannloch asserts the trial court abused its discretion when it denied the application for temporary injunction without an evidentiary hearing.

## II. ANALYSIS

The purpose of a temporary injunction is to preserve the status quo of the litigation's subject matter pending trial on the merits. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002). To obtain a temporary injunction, an applicant need not establish that it will prevail upon a final trial on the merits, but must plead and prove (a) it has a claim against the opposing party; (b) it has a probable right on final trial to the relief sought; and (c) it faces probable, imminent, and irreparable injury in the interim. *Sharma v. Vinmar Int'l, Ltd.*, 231 S.W.3d 405, 419 (Tex. App.—Houston [14th Dist.] 2007, no pet.).

The District argues that the subject of this appeal—MSC Gleannloch's application for temporary injunction—has been rendered moot because any threat of water-service termination (based on the District's belief that it lacked an agreement with MSC Gleannloch) has been extinguished by the parties' execution of such an agreement after the trial court's denial of the application for temporary

4

injunction.

A suit can become moot at any time, including on appeal, and courts have an obligation to take into account intervening events that may render a dispute moot. *Hughs v. Dikeman*, 14-19-00969-CV, 2020 WL 5361658, at *4 (Tex. App.— Houston [14th Dist.] Sept. 8, 2020, no pet. h.). Because mootness implicates this court's subject matter jurisdiction, we address it as a threshold issue. *Id.*

The rule that appellate courts are not to decide moot controversies is rooted in constitutional prohibitions against rendering advisory opinions. *See Valley Baptist Med. Ctr. v. Gonzalez*, 33 S.W.3d 821, 822 (Tex. 2000) (per curiam). If a judgment can have no practical effect on an existing controversy, the case becomes moot and any opinion issued on the merits in the appeal would constitute an impermissible advisory opinion. *See Thompson v. Ricardo*, 269 S.W.3d 100, 103 (Tex. App.—Houston [14th Dist.] 2008, no pet.). When an appeal from a temporary-injunction order becomes moot, the appellate court should vacate all previous orders pertaining to the temporary injunction and dismiss the appeal, leaving the remainder of the case in the trial court still pending. *Isuani v. Manske-Sheffield Radiology Group, P.A.*, 802 S.W.2d 235, 236 (Tex. 1991) (per curiam); *Nat'l Art Serv. Co., Inc. v. Ten Ten Travis Corp.*, 617 S.W.2d 804, 805 (Tex. Civ. App.—Houston [14th Dist.] 1981, no writ).

In the course of addressing the mootness issue, each party has requested that we consider a document not in the record; both documents are agreements between the parties, executed after the trial court's denial of the temporary injunction. The District urges us to consider another water supply and water waste services agreement between the District and MSC Gleannloch ("2019 Agreement"), a copy of which is appended to its appellate brief. MSC Gleannloch urges us to consider a Rule 11 agreement appended to its reply brief. The Rule 11 agreement refers to

the 2019 Agreement and purports to memorialize the parties' intent to not waive their respective rights under the previous agreements, "including the right to sue for an alleged breach of any previous agreement." Neither party contests or otherwise objects to these exhibits.

Appellate courts generally cannot consider evidence not before the trial court when the trial court made the challenged ruling. *See Univ. Of Tex. v. Morris*, 344 S.W.2d 426, 429 (Tex. 1961). But when, as in this case, we must determine whether the appeal has become moot (or decide other matters related to this court's proper exercise of jurisdiction), we may consider evidence not before the trial court. *See Morris*, 344 S.W.2d at 429; *FinServ Cas. Corp. v. Transamerica Life Ins. Co.*, 523 S.W.3d 129, 147 (Tex. App.—Houston [14th Dist.] 2016, pet. denied). Thus, we consider the 2019 Agreement and the Rule 11 agreement in determining whether this appeal has become moot. *See Morris*, 344 S.W.2d at 429.

These documents show that since the trial court denied the temporary injunction, MSC Gleannloch and the District have executed a water supply and waste disposal agreement and a Rule 11 agreement reflecting their intent not to waive rights related to the 2012 Agreement. By entering into the new contract, the parties effectively eliminated any live controversy as to whether the District has an ongoing obligation to provide (and not terminate) water and wastewater services to MSC Gleannloch.

In its reply brief, MSC Gleannloch does not dispute that the 2019 Agreement has prevented the District from terminating MSC Gleannloch's water and wastewater services. Even so, MSC Gleannloch argues that other rights under the 2012 Agreement are still being violated and impose costs upon MSC Gleannloch affecting its ability to conduct normal business operations. MSC Gleannloch

contends that the added costs fall short of maintaining the status quo.

By entering into a new contract and paying additional fees, MSC Gleannloch has done what the District sought to accomplish by threatening to terminate services. In return, MSC Gleannloch is relieved of that threat. Though MSC Gleannloch might have preferred not to enter into the new contract, by doing so, MSC Gleannloch avoided and rendered moot the very thing it urged the trial court to enjoin. *See Guajardo v. Alamo Lumber Co.,* 159 Tex. 225, 226, 317 S.W.2d 725, 726 (1958) (holding that appeal of dissolution of a temporary injunction against an execution sale became moot when appellant paid the judgment, preventing the execution sale). Nothing in our record indicates that the District has continuing plans or otherwise intends to stop providing water and wastewater services to MSC Gleannloch.

### III. CONCLUSION

MSC Gleannloch's request for injunctive relief — to protect it against a water service shutdown by the District — became moot when the parties voluntarily entered into a new contract that effectively diffused the threat looming over MSC Gleannloch. Therefore, without addressing the merits of MSC Gleannloch's appellate complaint or the merits of the remaining claims in the trial court, we vacate the trial court's February 8, 2019 order denying the application for temporary injunction, and we dismiss as moot this interlocutory appeal from that order.

/s/ Kem Thompson Frost
Chief Justice

Panel consists of Chief Justice Frost and Justices Christopher and Bourliot.

7